OPINION OF THE COURT
 

 Simons, J.
 

 A jury has convicted defendant of attempted murder in the second degree, assault in the first degree and burglary in the first degree. On appeal the Appellate Division reversed, concluding that because the notice required of the People by CPL 710.30 (1) was inadequate, the People should have been precluded from offering evidence of defendant’s oral and written statements to police and of his pretrial identification. The
 
 *427
 
 People appeal to this Court by permission of the dissenting Justice at the Appellate Division. We now affirm.
 

 On September 17, 1989 defendant entered the Albany home of Tammis Groft through a kitchen window intending to steal a television set he had seen atop the refrigerator. Groft was working at the dining room table at the time and, when defendant realized she had seen him, he grabbed a large kitchen knife and stabbed her. Groft managed to pull the knife out of her chest and, in return, stabbed defendant in the back. Defendant fled through the window by which he had entered less than two minutes earlier.
 

 On September 21, 1989 the Albany police learned that defendant had sustained a stab wound on the day of the Groft attack and arrested him on an outstanding bench warrant for disorderly conduct. After being taken into custody, defendant gave the police oral and signed written statements admitting the attack on Groft. Subsequently, after recuperating from surgery to repair her chest wound, Groft identified defendant at a police lineup. Defendant was formally charged and at his arraignment he was given a notice of evidence the People intended to offer at trial pursuant to CPL 710.30. The issue before us is the sufficiency of that notice.
 

 The notice was a printed form, listing various types of evidence and containing appropriate boxes before each so the prosecutor could indicate the type to be offered at trial. The prosecutor had placed an "x” within the boxes which appeared before "[a]n oral statement made to a public servant,” "[a] written statement made to a public servant” and "[Identification of the defendant * * * by a witness who has previously identified the defendant” at a "[l]ineup.” The form provided no further information about the evidence, and no documents were attached.
 

 Defendant moved to preclude the statements and the identification asserting that the document served on him was tantamount to no notice at all. County Court held the notice adequate, particularly when viewed in conjunction with the discovery permitted by CPL 240.20, and denied the motion. Electing to preserve for appellate review his claim that the notice was insufficient, defendant did not seek suppression and no
 
 Huntley
 
 or
 
 Wade
 
 hearings were held
 
 (see,
 
 CPL 710.30 [3];
 
 People v Bernier,
 
 73 NY2d 1006, 1008;
 
 People v Amparo,
 
 73 NY2d 728, 729). On defendant’s appeal, the Appellate Division reversed.
 

 
 *428
 
 Analysis begins by restating that CPL 710.30 is a notice statute intended to facilitate a defendant’s opportunity to challenge before trial the voluntariness of statements made by him
 
 (see, People v O’Doherty,
 
 70 NY2d 479, 484;
 
 People v Greer,
 
 42 NY2d 170, 179;
 
 People v Huntley,
 
 15 NY2d 72), and the reliability of his identification by others
 
 (see, People v Laing,
 
 79 NY2d 166, 170;
 
 People v White,
 
 73 NY2d 468, 474,
 
 cert denied
 
 493 US 859;
 
 cf., People v Gissendanner,
 
 48 NY2d 543, 552). Thus, the statute requires that whenever the People intend to offer evidence of defendant’s statements to a public officer or testimony of observations of defendant, they must serve notice of such evidence on defendant within 15 days of arraignment and before trial. There are but two exceptions to these requirements: the 15-day time provision may be waived for good cause and the notice may be excused if the defendant has in fact moved for suppression
 
 (see,
 
 CPL 710.30 [2], [3]). Neither is relevant here.
 

 Manifestly, a defendant cannot challenge that of which he lacks knowledge; thus the statute requires that the notice "[specify] the evidence intended to be offered” (CPL 710.30 [1]). The notice served by the People in this case informed Lopez that the People intended to offer oral and written statements and identification evidence but failed to specify the evidence as the statute commands. The People were required to inform defendant of the time and place the oral or written statements were made and of the sum and substance of those statements
 
 (see, People v Bennett,
 
 56 NY2d 837;
 
 People v Laporte,
 
 184 AD2d 803, 804-805,
 
 lv denied
 
 80 NY2d 905;
 
 People v Holmes,
 
 170 AD2d 534, 535,
 
 lv denied
 
 77 NY2d 961). Full copies of the statements need not be supplied but they must be described sufficiently so that the defendant can intelligently identify them. Similarly, the People were also required to inform defendant of the time, place and manner in which the identification was made.
 

 It is irrelevant that the People’s failure to satisfy the requirements of 710.30 did not prejudice defendant. The statutory remedy for the People’s failure to comply with the statute is preclusion; prejudice plays no part in the analysis
 
 (see,
 
 CPL 710.30 [3];
 
 People v O’Doherty, supra,
 
 at 486-487).
 

 Nor can the inadequacy of the notice be cured by discovery. The Legislature has enacted a statutory scheme that purposefully distinguishes between pretrial motion practice and discovery
 
 (see generally,
 
 CPL arts 240, 255). The provisions of
 
 *429
 
 CPL 710.30 are clearly related to defendant’s preparation of pretrial motions, not his subsequent ability to defend himself at trial. Although there will be some degree of overlap between the information provided by the 710.30 notice and the People’s response to defendant’s discovery demands, the timing provisions of the statutes are correlated to their underlying purposes. Thus, defendant must receive a 710.30 notice within 15 days of his arraignment (CPL 710.30 [2]); he need not make his discovery demands until 30 days after his arraignment, and the People’s response is not due until 15 days after service of defendant’s demands
 
 (see,
 
 CPL 240.80).
 

 When CPL 710.30 was first enacted it contained no timeliness requirement and the courts experienced considerable delay by prosecutors. Accordingly, the Legislature amended the statute to establish a narrow 15-day time requirement to facilitate "the orderly, swift and efficient determination of pretrial motions”
 
 (People v O’Doherty, supra,
 
 at 488). Permitting the People to rely on defendant’s eventual receipt of the information through discovery would undermine the statutory scheme and negate the legislative directive embodied in the amended statute.
 

 Finally, the People rely on the holding in
 
 People v White
 
 (73 NY2d 468). In that decision the Court held that a pretrial notice of an in-court identification in a prior trial was not required because the identification was made under judicial supervision and in the presence of counsel, and any attack on suggestiveness could and should have been advanced during the first trial when the identification was made, not determined at a subsequent
 
 Wade
 
 hearing before the second trial. Thus, the defendant in
 
 White
 
 had notice and an opportunity to attack the earlier identification and no pretrial proceedings were necessary.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.