■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MERRILL, Appellant. [624 NYS2d 702] —Judgment reversed on the law, motion to preclude identification evidence granted and new trial granted. Memorandum: The notice served by the People pursuant to CPL 710.30 was inadequate because it failed to "inform defendant of the time, place and manner in which the identification was made" (People v Lopez, 84 NY2d 425, 428). It is of no moment that defendant suffered no prejudice, nor can the inadequacy of the notice be "cured by discovery" (People v Lopez, supra, at 428). Consequently, County Court erred in denying defendant's motion to preclude the identification evidence. Defendant did not waive his right to preclusion by moving, in the event that the preclusion motion was denied, for suppression of the identification testimony or by participating in a Wade hearing (see, CPL 710.30 [3]). A defendant who initially moves to preclude and loses does not waive his right to preclusion by later participating in a Wade hearing (see, People v Bernier, 73 NY2d 1006, 1008;

*People v McRae,* 195 AD2d 180, 184, *lv denied* 83 NY2d 969).
We have reviewed defendant's remaining argument and conclude that it is without merit.

All concur except Denman, P. J., and Balio, J., who dissent and vote to affirm in the following Memorandum.

Denman, P. J., and Balio, J. (dissenting). We respectfully dissent. In our view, *People v Lopez* (84 NY2d 425) is not dispositive. There, defendant moved to preclude statements he had made to the police on the ground that the People had not provided adequate notice that they intended to offer the statements at trial, as required by CPL 710.30 (1). The Court stated that one of the exceptions to that requirement is that "the notice may be excused if the defendant has in fact moved for suppression" *(People v Lopez, supra,* at 428, citing CPL 710.30 [3]). We conclude that, because that exception applies to the facts of this case, the judgment should be affirmed.

CPL 710.30 provides that a defendant's identification may be offered at trial even if the defendant has not been given adequate or timely notice of the People's intent if the defendant has "moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible." Here, defendant moved to preclude or, in the alternative, to suppress. The suppression court denied the motion to preclude but granted defendant a hearing on his motion to suppress and, following a full hearing, denied defendant's motion. Thus, this case falls squarely within the exception provided in subdivision (3) of CPL 710.30.

The distinguishing element of *Lopez (supra)* and the cases cited therein *(People v Bernier,* 73 NY2d 1006; *People v Amparo,* 73 NY2d 728) is the failure of the defendants in those cases to move to suppress. In *Amparo,* the Court of Appeals stated that "such a motion in effect would have afforded defendant the same opportunity for a court to pass upon the admissibility of the statement as he would have had if timely notice had been given" *(People v Amparo, supra,* at 729). Here, defendant's motion, although made in the alternative, afforded him that opportunity. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Balio, Lawton, Callahan and Doerr, JJ.