■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SANG, Appellant. [624 NYS2d 997] —Judgment unanimously reversed on the law, motion to preclude identification evidence granted and new trial granted. Memorandum: The People's CPL 710.30 notice was inadequate because it failed to inform defendant of the time, place and manner of a photo array identification conducted by the police *(see, People v Lopez,* 84 NY2d 425; *People v Merrill,* 212 AD2d 987 [decided herewith]). Supreme Court erred, therefore, in denying defendant's motion to preclude the identification evidence. Defendant did not waive his right to preclusion by participating in a *Wade* hearing after the motion to preclude was denied. "The waiver exception cannot become operative in a case such as this when the defendant clearly moved initially to preclude and lost" *(People v Bernier,* 73 NY2d 1006, 1008). Furthermore, defendant did not thereafter move for suppression. Whether defendant objected to the *Wade* hearing is not dispositive. We note that the court should have permitted defense counsel fully to state her objections and argument on the record. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J., trial; Bergin, J., pretrial—Robbery, 1st Degree.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.