OPINION OF THE COURT
Robert J. Hanophy, J.
The defendant, Sang Bae, is charged under indictment No. *670 3555/94 with the crime of murder in the second degree. The defendant was served with timely notice, pursuant to CPL 710.30 (1) (b), of the identification testimony sought to be offered by the People at trial which states in pertinent part as follows:
"Please take notice that the People intend to offer at trial the testimony of witnesses who have identified the defendant, Sang Bae, in the following manner:
"Showup identification on July 31, 1994 by eyewitnesses # 1 and #2.”
The defendant, who does not contend that the notice served upon him pursuant to CPL 710.30 was untimely, has now moved to preclude the People from offering the evidence of these identifications of him as the perpetrator on the grounds that the notice served upon him was insufficient. The basis of the defendant’s claim of insufficient notice is the failure of the People to set forth in their notice the names of the identifying witnesses, as well as the exact time and place where the identification was made. The defendant argues that pursuant to People v Lopez (84 NY2d 425 [1994]), the notice served here was insufficient, and the identification testimony must be precluded. The People, opposed to the remedy of preclusion, claim that the notice served in this case was in all respects proper, but in any event have sought leave to amend their notice, now including the exact time and place of the showup identifications, as well as the names of the identifying witnesses. For the following reasons, the defendant’s motion to preclude is denied and the People’s application to file an amended notice pursuant to CPL 710.30 (1) (b) is granted.
At the outset, it must be noted that the drastic remedy of preclusion lies where the People fail to file any notice of their intent to offer identification testimony or where the People file notice of their intent to offer this testimony late, i.e., if more than 15 days have elapsed from the date the defendant was arraigned upon the indictment, and where the People have not established good cause for their failure to file within the 15-day statutorily prescribed period. (See, People v O’Doherty, 70 NY2d 479 [1987].) It is well settled that under those circumstances, the proper remedy for untimely service of notice is the preclusion of the evidence the People intend to offer. (See, People v O’Doherty, supra; People v Boughton, 70 NY2d 854 [1987]; People v McMullin, 70 NY2d 855 [1987].) The reasoning behind imposing such a drastic remedy is that *671 this sanction promotes the primary purpose of the statute and intent of the Legislature’s directive in enacting it by alerting a defendant, who might otherwise be unaware, with notice that the People intend to offer identification testimony, thereby allowing a defendant an opportunity to test the reliability of the identification testimony prior to trial and to move to suppress the testimony, as well as the ancillary goal of promoting the "orderly, swift, and efficient” determination of pretrial motions. (People v O'Doherty, at 488, supra; People v Bernier, 73 NY2d 1006 [1989]; People v White, 73 NY2d 468 [1989]; People v Collins, 60 NY2d 214 [1983].) Since the People have timely notified the defendant of their intent to offer evidence of a showup identification made on January 31, 1994 by two separate eyewitnesses in this case, the issue for this court to resolve is whether or not this notice was specific enough to comply with the statutory language contained within CPL 710.30 (1) (b) requiring the District Attorney to "specify[ ] the evidence intended to be offered.” (See, CPL 710.30 [1] [b].)
While the full extent of the People’s obligation to specify the evidence to be offered is largely unsettled, this court holds that the notice served in the instant case sufficiently described the nature of the identification testimony so that the defendant could have intelligently identified it, thereby complying with the requirements of CPL 710.30 (1) (b). (See also, People v Lopez, supra, at 428.) In this case, the People served the defendant with notice of the date of the identification, the manner of the identification, and the number of witnesses they intended to offer at trial to testify that they had identified the defendant as the perpetrator. Here, the notice served upon the defendant satisfied the intent of the statute by timely notifying him of the date and type of identification testimony intended to be offered, as well as the number of witnesses that have identified him, distinguishing this case from the "blank notice” which was held to be insufficient in People v Lopez (supra, at 427 [where the prosecutor had merely placed an "X” within the box which appeared before the words " 'identification of the defendant * * * by a witness who has previously identified the defendant’ ” at a lineup and no other information was provided it was held that the notice served was insufficient]; see also, People v Palermo, 169 AD2d 787 [2d Dept 1991]).
Nonetheless, since the notice served in this case was drafted and served upon the defendant prior to the decision in Lopez *672 (supra), and by allowing the People to amend the notice in this case to be more specific regarding the identification as it occurred the amendment will not change the substance of the notice already served, under the circumstances presented here, the People’s application to amend the notice is granted, and the defendant’s motion to preclude is denied. (See, People v Ocasio, 183 AD2d 921 [2d Dept 1992]; People v Canute, 190 AD2d 745 [2d Dept 1993].)