OPINION OF THE COURT
Darrell L. Gavrin, J.
The defendant is charged with violations of Vehicle and Traffic Law § 1192 (2) and (3), operating a motor vehicle under the influence of alcohol.
The People seek to introduce, and defendant seeks to suppress, a statement allegedly made by the defendant and the results of a breathalyzer test. A Dunaway/Huntley/Johnson hearing was held before this court on March 21, 1995. The sole witness called by the People was Officer Kevin McKechnie, whose testimony had the force and flavor of credibility. The defendant did not call any witnesses.
FINDINGS OF FACT
After due consideration of all the credible evidence adduced at the hearing this court finds as follows:
On August 24, 1994, at approximately 10:30 p.m., Police Officer Kevin McKechnie of the 109th Precinct was traveling in a police scooter eastbound on Northern Boulevard in the vicinity of 154th Street. Officer McKechnie observed the defendant’s vehicle traveling in the same direction as his vehicle, in the extreme right lane, at approximately 5 to 10, miles per hour in a 30 mile-per-hour zone, operating in an erratic fashion, with a flat tire. As he attempted to pass the defendant’s vehicle in the left lane, the vehicle suddenly veered into Officer McKechnie’s lane of traffic, nearly striking the officer’s vehicle.
Officer McKechnie stopped defendant’s vehicle on Northern Boulevard and 154th Street, and approached the driver’s side of the vehicle. He noted that the defendant was alone in the vehicle and the window was half open. He asked the defendant for her license and registration, where she was coming *56 from and going, whether she knew that her tire was flat and that she had almost hit his vehicle. In response to the officer's question, the defendant stated that she was on her way home from a party where she had been drinking alcohol. While engaged in this exchange, he detected a strong smell of alcohol and noted that her speech was slurred. At this point, Officer McKechnie placed the defendant under arrest. The defendant was taken to the 112th Precinct for chemical testing. Officer McKechnie testified that he heard the defendant being given instructions in Spanish by another officer before taking a chemical test, but since he did not administer the test, he did not elaborate further on the instructions given or any other aspect of the testing procedure conducted by other police officers.
CONCLUSIONS OF LAW
Defendant contends that the CPL 710.30 (1) (a) notice given by the District Attorney in this matter was defective. Defendant contends that she was only given notice of the People’s intention to introduce the statements made by the defendant to the police during the course of her chemical testing, without giving the defendant any notice that the People sought to introduce the defendant’s statement to Officer McKechnie, which statement was adduced at the hearing. Defendant emphasizes that her first awareness that the People intended to offer any statements other than those generated in connection with her chemical testing was at the hearing during the testimony of Officer McKechnie.
The People contend that the statement defendant made to Officer McKechnie should not be suppressed, conceding that although the defendant learned of the statement at the hearing, she was given a full and fair opportunity to challenge the circumstances under which it was made, and therefore has suffered no prejudice.
Defendant further avers that the breathalyzer test results herein must be suppressed, since the People failed to call as a witness at the hearing the individual or individuals who conducted the testing, or to proffer any testimony that the chemical testing was conducted in conformity with the strictures of Vehicle and Traffic Law § 1194 (1).*
*57 ADEQUACY OF CPL 710.30 NOTICE
In this case, there are two separate statements at issue, one allegedly made to police personnel at the Intoxicated Drivers Testing Unit (IDTU), for which the People purported to give CPL 710.30 notice, and another whose existence was first discovered at the suppression hearing.
In People v Lopez (84 NY2d 425 [1994]), the Court of Appeals confronted the issue of the adequacy of section 710.30 notices used by the People consisting of printed, boilerplate forms which merely indicate the type of statement sought to be proffered, without informing the defendant of the time and place the oral statements were made and the sum and substance of those statements. In rejecting the use of such bare notices, the Court held that their inadequacy cannot be cured later by discovery. Additionally, the Court held that it is extraneous that the People’s failure to satisfy the requirements of CPL 710.30 (1) did not prejudice the defendant, since "[manifestly, a defendant cannot challenge that of which he lacks knowledge”. (People v Lopez, supra, at 428.)
In the case at bar, the People’s statement notice consisted of a form notice stating that "the People intend to offer evidence of a statement made by the defendant to a Public Servant, to wit: any and all statements made to IDTU personnel”.
The statement "any and all statements made to IDTU personnel” does not comport with the requirements of CPL 710.30 (1) (a), in that it does not inform the defendant either of the time and place the written or oral statements were made, or of the sum and substance of those statements. (People v Lopez, supra, at 428.) Additionally, the fact that this information may have been conveyed through subsequent discovery does not cure the inadequacy of the initial notice. (People v Lopez, supra, at 428-429.) Accordingly, the court must preclude the use of any statements made to IDTU personnel, whether oral or written, at the trial of this matter.
Assuming, arguendo, the court were to uphold the adequacy of the section 710.30 notice as to the IDTU statements, the conspicuous lack of any hearing testimony whatsoever as to *58 what transpired at the IDTU following defendant’s arrest, and the People’s unexplained failure to provide the testimony of the highway officer who witnessed any statements, provides this court with no factual basis to determine their admissibility. It is axiomatic that at a Huntley hearing, it is the People’s burden to establish, beyond a reasonable doubt, that the statement involved was voluntarily made. (See, People v Huntley, 15 NY2d 72 [1965].) Even if the court were to uphold the sufficiency of the People’s notice, by failing to call any of the IDTU personnel as witnesses at the hearing, the People have failed to meet their burden. Accordingly, the defendant’s motion to suppress the written or oral statements of IDTU personnel is granted in all respects.
As to the statement defendant allegedly made to Officer McKechnie, which surfaced for the first time at the hearing, this court finds that it must also be suppressed.
CPL 710.30 requires that the People serve notice upon a defendant, within 15 days after arraignment, of their intention to offer evidence of statements made by the defendant to public servants. The court may permit the People to serve a late notice "for good cause shown” (CPL 710.30 [2]), or if the defendant has, notwithstanding the absence of proper notice, somehow become aware of the statement’s existence, and made an unsuccessful suppression motion directed at such evidence. (CPL 710.30 [3]; see, People v St. Martine, 160 AD2d 35, 40 [1st Dept 1990]; People v O’Doherty, 70 NY2d 479, 483 [1987].)
The court recognizes that the purpose behind CPL 710.30 is to provide a defendant with the opportunity to obtain a pretrial ruling on the admissibility of the statements to be used against him, to foster the orderly, swift and efficient determination of pretrial motions, and, in conjunction with CPL 255.20, to impose order and speed on pretrial omnibus motion practice by requiring the defendant to make substantially all pretrial motions at one time, in one set of papers before one Judge, within 45 days of arraignment. (People v O’Doherty, supra, at 488.)
The court notes that the "IDTU”, as listed on the People’s notice, is located in the 112th Police Precinct in Queens County. Officer McKechnie is assigned to the 109th Precinct, and not the 112th Precinct IDTU. Therefore, it is significant that statements made to him do not fall within the ambit of the People’s notice. Furthermore, in the opposition to defen *59 dant’s motion for discovery and suppression, dated January 25, 1994, the People affirmed that "Upon information and belief, the source being, police paperwork, the People are unaware of any statements made by the defendant pursuant to Section 710.30 (1) (a) of the Criminal Procedure Law” (emphasis supplied). Thus, it appears that the first time either the defendant or the People learned of the statement made to Officer McKechnie was during the suppression hearing.
The Court of Appeals in Lopez did not address the issue of statements which arise or are produced in written form for the first time during the suppression hearing. Nor did the Court therein address the effect of the exception to the notice requirement delineated in section 710.30 (3) for instances where the defendant has in fact moved for suppression, stating that "[t]here are but two exceptions to these requirements: the 15-day time provision may be waived for good cause and the notice may be excused if the defendant has in fact moved for suppression (see, CPL 710.30 [2], [3]). Neither is relevant here.” (People v Lopez, supra, at 428.) Since Lopez, the court finds that this is a case of first impression, in which the court is confronted with a situation where defense counsel first becomes aware of a decidedly inculpatory statement made to the arresting officer as late as the suppression hearing itself. In determining the rule of law under this factual predicate, the court must therefore look to prior precedents for guidance.
In People v Holley (157 Misc 2d 402 [Crim Ct, NY County 1993]), Judge Richter observed that the People are not excused from their obligation to serve notice of statements attributable to the defendant in an intoxicated drivers examination (IDE) report prepared at the IDTU, simply because they served notice of another statement allegedly made by the defendant. (See, People v Olds, 140 Misc 2d 458 [Sup Ct, Bronx County 1988].) Similarly, in the case at bar, the fact that the People served a notice of intention to introduce "any and all statements made to IDTU personnel” does not excuse them from serving notice of the statement made by the defendant to the arresting officer. Furthermore, as the court observed in Holley, the defendant does not waive the right to seek and obtain preclusion when he moves to suppress "all statements”, since he does not waive his right to object to the admission of statements of which he was unaware at the time of the motion. (See, People v Holley, supra, at 404; People v St. Martine, supra, at 40; People v Lopez, supra, at 428.) Additionally, the two sets of statements sought to be introduced herein *60 were not made at the same time and under the same circumstances. Therefore, there is no basis to deny preclusion on the grounds that the newly discovered statement was made at the same time and place as the statement for which notice was given. (See, e.g., People v Holley, supra, at 405; People v Cooper, 158 AD2d 743 [3d Dept 1990], revd on other grounds 78 NY2d 476 [1991]; People v Wilson, 144 AD2d 980 [1988].)
In the instant case, after they were aware of the defendant’s statement to Officer McKechnie, and with full knowledge that there was no timely notice given of this statement, it was incumbent upon the People to make some showing of good cause to establish that they were entitled to an exemption from the statutory notice requirement. (See, CPL 710.30 [2].) The People have failed to demonstrate any good cause on this record to warrant a departure from the strictures of the exclusionary rule enunciated by CPL 710.30. Even assuming, arguendo, that the reason for the People’s unawareness of this statement until the hearing was that there was an attenuation in their relationship with the arresting officer in this case, such circumstance, namely an inadequacy of internal communication within the law enforcement establishment, would constitute an insufficient basis for delay in affording the defendant the statutory notice. (See, e.g., People v O’Doherty, 70 NY2d 479 [1987], supra).
In ordering preclusion of the statement in the case at bar, the court is mindful that the Legislature’s concern anteceding CPL 710.30 was not only fairness to the defendant, but concern for the efficient conduct of criminal prosecutions. The exclusionary sanction for failure to comply with the notice strictures reflects the legislative intent to recognize that the loss of the use of the evidence is an acceptable price for the People to have to pay to achieve the swift and efficient determination of pretrial motions. (People v O’Doherty, supra, at 489.) To hold otherwise would be to trespass on the Legislature’s domain and to undermine the purposes of the statute. (Supra.) The court finds that implementing the exclusionary remedies sanctioned by CPL 710.30 in the instant matter would not be tantamount to exalting form over substance, since the policy underlying the statute is not only tailored to promote orderliness in the handling of pretrial proceedings, but fairness to the defendant. Were the court to allow introduction of a statement, notice of which was withheld by the prosecutor until the day of a suppression hearing, defense counsel and defendant would find themselves suddenly con *61 fronted with an admission which could be used to rebut defendant’s testimony at trial without having been given ample opportunity to challenge such statement. "Such surprise tactics were exactly the kind of occurrence which section 710.30 notice was designed to prevent”. (People v Moore, 159 Misc 2d 501, 506 [Sup Ct, NY County 1993].)
Accordingly for the above-stated reasons, defendant’s motion to suppress the statement made to Officer McKechnie, as well as those statements made to IDTU personnel, is granted in all respects.
For the sake of appellate review, had the People provided proper notice of the statement as mandated by the Criminal Procedure Law, this court would properly deny its suppression. The officer’s initial approach of the vehicle was justified as a routine automobile stop premised upon traffic infractions personally observed by him, and based upon the duty of the police to render assistance to motorists in distress. (See, People v De Bour, 40 NY2d 210, 218 [1976]; People v Sobotker, 43 NY2d 559 [1978]; People v Ingle, 36 NY2d 413 [1975].) The officer’s inquiry was not the product of mere whim, caprice or idle curiosity, but a permissible extension of his investigatory function, rather than a seizure of the defendant’s person. Furthermore, based upon the totality of the credible evidence adduced at the hearing, the defendant was not in custody at the time she made the statement sought to be suppressed, therefore, Miranda warnings were not required. (See, Miranda v Arizona, 384 US 436 [1966]; People v Rodney P., 21 NY2d 1 [1967]; People v Balint, 92 AD2d 348 [1st Dept 1983]; People v Yukl, 25 NY2d 585 [1969].)
[Portions of opinion omitted for purposes of publication.]

 For purposes of publication, the court omits its discussion of the admissibility of the breathalyzer test results in this matter. To summarize, the *57 court found that the officer had probable cause to arrest the defendant for a violation of Vehicle and Traffic Law § 1192, and that the defendant failed to meet her burden at the hearing of showing the unreasonableness of the search and seizure or the illegality of the testing procedure, and, accordingly, defendant’s motion to suppress the introduction of the breathalyzer test results by the prosecution at trial was denied in all respects.