■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE KAHLEY, Appellant. [627 NYS2d 189] —Case held, decision reserved and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment of County Court convicting him of second degree murder and sentencing him to a term of imprisonment of 25 years to life, defendant contends, *inter alia,* that the CPL 710.30 notice was insufficient and that the court therefore erred in failing to preclude the identification testimony of two witnesses. We conclude that the CPL 710.30 notice served by the People was inadequate inasmuch as it did not set forth the identity of the witnesses, or the time, place, and manner of the identification procedures *(see,* CPL 710.30 [1]; *People v Lopez,* 84 NY2d 425, 428). Indeed, on defendant's motion to preclude, the court agreed that the notice was inadequate but denied preclusion on the impermissible basis that the People had apprised defendant of the specifics of the identification procedure during pretrial discovery *(see, People v Lopez, supra,* at 428-429).

Although the "statutory remedy for the People's failure to comply with the statute is preclusion" *(People v Lopez, supra,*

at 428, citing CPL 710.30 [3] and *People v O'Doherty,* 70 NY2d 479, 486-487), preclusion would be inappropriate if, as the People contend, they were never under any obligation to serve a CPL 710.30 notice in the first place. In opposition to the motion to preclude, the People alleged that the witnesses knew defendant and had made confirmatory identifications, thus rendering compliance with CPL 710.30 unnecessary. Case law establishes a narrow exception to the notice and hearing requirements of CPL 710.30 in those cases " 'in which the protagonists are known to one another' " *(People v Rodriguez,* 79 NY2d 445, 449, quoting *People v Gissendanner,* 48 NY2d 543, 552; *see also, People v Tas,* 51 NY2d 915). Where, as a matter of law, the witness is so familiar with defendant that there is no risk that police suggestion could lead to a misidentification, the identification procedure is deemed "confirmatory", and the notice and hearing requirements of CPL 710.30 are inapplicable *(see, People v Rodriguez, supra,* at 450, 452).

Here, the record is insufficient to enable us to determine the degree of each witness's prior acquaintance with defendant *(see, People v Rodriguez, supra,* at 450; *see also, People v Newball,* 76 NY2d 587, 591-592; *People v Collins,* 60 NY2d 214, 219-220; *People v Tas, supra).* Defendant expressly denied any close friendship or acquaintance with each witness; those witnesses did not testify at the hearing and their trial testimony was equivocal on that point. Where the question of the applicability of CPL 710.30 depends on whether the identification procedure was merely confirmatory, the remedy is to remit the matter to the trial court for a hearing to determine whether the witness knew defendant so well that no amount of police suggestiveness could have tainted the identification *(People v Rodriguez, supra,* at 453). (Appeal from Judgment of Monroe County Court, Marks, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.