■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE KAHLEY, Appellant. [643 NYS2d 255] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree, defendant

contends that the CPL 710.30 notice was insufficient and that County Court therefore erred in failing to preclude the identification testimony of two witnesses; that the People improperly impeached their own witnesses in violation of CPL 60.35; and that the court erred in the manner in which it submitted second degree manslaughter as a lesser included offense. We previously held that the CPL 710.30 notice was inadequate, but remitted the matter to County Court for a hearing on the issue whether the witnesses were previously acquainted with defendant, thus rendering their identifications confirmatory and obviating compliance with CPL 710.30 (*People v Kahley*, 214 AD2d 960). On remittal, County Court conducted a hearing at which the People established that the identification procedure was merely confirmatory.

We reject the contention that defendant is entitled to preclusion. As the Court of Appeals recently held (*see, People v Merrill*, 87 NY2d 948, 949, *revg on dissent at* 212 AD2d 987, 988), preclusion is not required where, as here, defendant "moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible" (CPL 710.30 [3]).

The People did not impeach their own witnesses in violation of CPL 60.35. Further, the court did not err in the manner in which it instructed the jury to consider the various counts (*see, People v Johnson*, 87 NY2d 357; *see also, People v Harrison*, 85 NY2d 891, 894). (Resubmission of Appeal from Judgment of Monroe County Court, Marks, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.