■ The People of the State of New York, Respondent, v Enrico Dalgetty, Appellant. [663 NYS2d 457] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in refusing to charge manslaughter in the second degree and criminally negligent homicide as lesser included offenses of murder in the second degree. There is no reasonable view of the evidence to support a finding that defendant acted in a reckless or criminally negligent manner rather than an intentional manner (*see, People v Irving*, 234 AD2d 31, *lv denied* 89 NY2d 924; *People v Perkins*, 229 AD2d 981, 982, *lv denied* 88 NY2d 1023).

There is no merit to defendant's contention that the court erred in admitting into evidence a book containing the New Testament and some psalms from the Bible. The book was one of several items found on the victim's person at the time of the shooting, and all of the items, including two baggies of cocaine, were admitted into evidence. We conclude that the court

properly allowed the book into evidence because its probative value outweighed its potential for prejudice (*see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670). In any event, any error is harmless. Proof of defendant's guilt is overwhelming, and there is no significant probability that, absent the error, the jury would have acquitted defendant (*see, People v Crimmins,* 36 NY2d 230, 242).

Finally, the court did not err in submitting the verdict sheet without defendant's consent; the references in the verdict sheet to "subdivision 1" and "subdivision 2" do not constitute the inclusion of statutory text or the elements of the crime charged (*see,* CPL 310.20, 310.30; *cf., People v Damiano,* 87 NY2d 477, 480). (Appeal from Judgment of Monroe County Court, Bristol, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Pine, Balio, Boehm and Fallon, JJ.