OPINION OF THE COURT
William H. Bristol, J.
By indictment No. 256 filed with this court on April 11,1997, the People of the State of New York charge the defendant, Todd Douglas East, with assault in the second degree in violation of section 120.05 (2) of the Penal Law. More specifically, the People claim that on or about February 9, 1997, in the County of Monroe, State of New York, with intent to cause *375 physical injury to Darrin Mottler, defendant did so by hitting him with a glass bottle.
The defendant, claiming to be aggrieved by an unlawful or improper acquisition of evidence, and having reasonable cause to believe that the same may be used against him in the pending criminal action, has made a motion for an order suppressing it from use at trial on the ground that the statement he gave to the police was involuntarily made within the meaning of CPL 60.45. Defendant has also made a motion for preclusion of identification evidence on the ground that the CPL 710.30 notice provided by the People was legally insufficient.
On a motion to suppress a statement, the People must prove beyond a reasonable doubt that such statement was voluntarily made. (People v Witherspoon, 66 NY2d 973, 974 [1985]; People v Anderson, 42 NY2d 35 [1977].) On a motion to preclude identification evidence based on insufficient notice, the defendant must show that the People failed to provide adequate information, to wit: the time, place, and manner of the identification sought to be used against defendant at trial. (People v Lopez, 84 NY2d 425 [1994].)
A pretrial suppression hearing was held before this court on June 19, 1997. The People called one witness, Joseph Spagnolo. His testimony was frank, candid and trustworthy. I credit what he said.
FINDINGS OF FACT
Joseph Spagnolo is an investigator with the Rochester Police Department. On February 14, 1997, while so employed, he was involved in the investigation of an assault which allegedly occurred on February 9, 1997 at the Water Street Music Hall located on North Water Street in Rochester, Monroe County, New York. Investigator Spagnolo met defendant on the fourth floor of the Public Safety Building at approximately 6:45 p.m. on the evening of February 14th, in order to conduct an interview regarding the alleged assault.
Prior to speaking with Mr. East about the incident, Investigator Spagnolo advised him of his relevant constitutional rights by reading them verbatim from a standard notification and waiver card. Mr. East indicated that he understood his rights, agreed to waive them, and to speak with the investigator. Investigator Spagnolo ascertained that defendant had completed the 10th grade and that he was literate.
After administering the Miranda warnings, Investigator Spagnolo had a conversation with defendant regarding the *376 incident at Water Street Music Hall, the substance of which he reduced to writing. When it was completed, Investigator Spagnolo read the statement aloud while Mr. East appeared to read along. After making a minor correction to the statement, Investigator Spagnolo and defendant each signed the document at the bottom of the page.
At no time during the conversation between the investigator and defendant did anyone use any force or any threats of force to induce the defendant to speak with Investigator Spagnolo or to sign the statement. Defendant did not appear intoxicated or under the influence of any other substance, nor did he appear injured. Defendant did not ask for an attorney nor at any time did he ask that the questioning cease.
CONCLUSIONS OF LAW
A. Statement
Prior to questioning Mr.. East, Investigator Spagnolo advised him of his relevant constitutional rights by reading them verbatim from a standard notification and waiver card. The defendant then knowingly, intelligently and voluntarily waived his rights. (People v Bradley, 195 AD2d 995 [4th Dept 1993].) He said he understood his rights and then agreed to speak with the investigator. No force or coercion, or threats thereof, was employed by the investigators to induce the defendant to waive his rights, nor is there evidence of other improper conduct or undue pressure being exercised upon the defendant. (See generally, People v Davis, 53 NY2d 164 [1981]; People v Catone, 105 AD2d 844 [2d Dept 1984].) The defendant did not appear intoxicated or under the influence of drugs. No promises were made to the defendant that created a risk that he might falsely incriminate himself. (Bram v United States, 168 US 532 [1897]; People v Vail, 90 AD2d 917 [3d Dept 1982].) When the facts are reviewed in their totality, it is clear beyond a reasonable doubt that the defendant’s statement was voluntarily made. (See, CPL 60.45.)
B. CPL 710.30 Notice of Identification Evidence
On February 11, 1997 a photographic identification procedure took place at the Rochester Police Department Downtown Section Office. Notice of the identification procedure was provided by the People to defendant at the time of arraignment and included the date, location, number of witnesses and type of identification procedure that was conducted.
*377 CPL 710.30 (1) states in pertinent part: "Whenever the people intend to offer at a trial * * * (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”
The Court of Appeals has held that the statutory language "specifying the evidence” requires the People "to inform defendant of the time, place and manner in which the identification was made.” (People v Lopez, 84 NY2d 425, 428 [1994], supra.)
In the instant case, the People have complied with the requirements of Lopez (supra). The CPL 710.30 notice lists the time — "2/11/97”, the place — "RPD—Downtown Section Office”, and the manner of identification — "Photo ID”. To construe the word "time” to require merely the denotation of hours and minutes of the day as defense counsel argues is both meaningless in the absence of a specified date, and nonsensical in the context of the purpose of the statute, viz., to allow defense counsel to adequately prepare without being a victim of surprise; "to facilitate a defendant’s opportunity to challenge before trial * * * the reliability of his identification by others”. (See, People v Lopez, supra, at 428 [citations omitted].) "Time”, after all, means, simply, the point or period when something occurs.
Defendant urges this court to consider People v Kahley (214 AD2d 960 [4th Dept 1995]) wherein the Fourth Department concluded "that the CPL 710.30 notice served by the People was inadequate inasmuch as it did not set forth the identity of the witnesses, or the time, place, and manner of the identification procedures”. (People v Kahley, supra.) Defendant argues that the People’s failure to list the identity of the witness warrants preclusion of the evidence under the authority of Kahley.
This court disagrees.
After Kahley (supra) was decided, the Fourth Department dealt with the same issue in two cases: People v Scott (222 AD2d 1004 [1995]) and People v Kirkland (222 AD2d 1024 [1995]). In Scott (supra), the first case decided on December 22, 1995, the Fourth Department held: "The notice served by the People pursuant to CPL 710.30 was inadequate. It failed both to set forth the identity of the witnesses and to 'inform defendant of the time, place and manner in which the identification was made’ (People v Lopez, 84 NY2d 425, 428; see, CPL 710.30 *378 [1]; People v Kahley, 214 AD2d 960; People v Merrill, 212 AD2d 987, lv granted 87 NY2d 1027).”
In Kirkland (supra), the 28th case decided on December 22, 1995, the Fourth Department held: "Judgment reversed on the law, motion to preclude identification evidence granted and new trial granted * * * The CPL 710.30 notice served upon defendant failed to apprise him of the time, place and manner in which the identification of defendant was made (see, People v Lopez, 84 NY2d 425, 428).”
All three cases, Kahley (supra), Scott (supra) and Kirkland (supra), cite the Court of Appeals decision in Lopez (supra), as well as People v Merrill (212 AD2d 987), a Fourth Department case decided in February of 1995 as their precedential authority. Nowhere in Merrill or in Lopez is there any language requiring a CPL 710.30 notice to list the "identity of the witnesses”. In all four of these Fourth Department cases the Court apparently was dealing with a CPL 710.30 notice that consisted of a box checked to indicate that there had been an identification procedure conducted but that was otherwise devoid of details concerning the nature of the identification procedure.
Defendant’s reading of Kahley (supra) (and by extension a reading of Scott [supra] to the same effect) requires trial courts to find that the Fourth Department added a requirement to the holding in Lopez (supra), to wit: "the identity of the witnesses”. On the surface, defense counsel’s argument has merit. But a Judge is duty bound to delve beneath superficialities. To paraphrase Judge Cardozo, it is a Judge’s job: "to discern the deeper principle, and to rescue it from submergence in what is passing and particular.” (See, People v Little, NYLJ, Apr. 21, 1982, at 26, col 1.) With this admonition in mind, one need only review the records on appeal in Kahley, Kirkland (supra), Scott and Merrill (supra) to discover that the CPL 710.30 notices were lacking any meaningful information. They were but general notices — boilerplate—with a box checked by the People indicating identification testimony would be offered. They were skeleton forms devoid of the flesh and blood of detailed facts which would "facilitate a defendant’s opportunity to challenge before trial * * * the reliability of his identification by others”. (See, People v Lopez, supra, at 428.) They were announcements, not notices. As such, they were obviously insufficient. The Fourth Department’s inclusion in Kahley and Scott of the words "identity of the witnesses” appears to be language that described the total deficiency of the notice rather than language that broadened the requirements of Lopez.
*379 Here, the People provided sufficient specificity regarding the identification procedure conducted on February 11, 1997. Although the witness’ identity was not provided, the People did inform defendant of the point in time, the place and the manner of the procedure. Such facts substantially comply with the dictates of both CPL 710.30 and the holding of Lopez (supra), and the policy considerations underlying both.
Accordingly, the defendant’s motion to suppress his statement and his motion to preclude the identification testimony must be, and hereby are, denied in their entirety.