OPINION OF THE COURT
John R. LaCava, J.
*164 Defendant Roosevelt Payne’s motion to strike the People’s CPL 710.30 notice of intention to offer statements against him is denied.
Attached to all three copies of the indictment served upon the defendants at their April 3, 1998 arraignment are two CPL 710.30 notices of oral statements allegedly made at 10:30 p.m. in the vicinity of room 17 at 88 Florence Avenue, White Plains. Both bear the following caption and preliminary language:
“notice to defendant of intention to offer
“EVIDENCE PURSUANT TO SECTION 710.30 CPL
“Please take notice, that the District Attorney intends to offer at trial evidence of a statement made by the defendant Juanita jackson to a public servant [which], if involuntarily made, would render the evidence thereof suppressible upon motion made pursuant to Subdivision 3 of Section 710.20 CPL” (emphasis as in original).
Thereafter, on June 15, 1998, 73 days after arraignment, the People served an “Amended Notice” upon defendant. The amended notice amends the second of the two original notices in that it substitutes Juanita Jackson’s name with the defendant’s name.
Examination of the first statement reveals that it refers to a female defendant. In contrast, it is readily apparent from a reading of the second statement, that it refers to a male speaker. In any event, the second statement could not reasonably be read as being attributed to Juanita since it notices a statement made by the speaker to Juanita. Furthermore, the speaker indicates that he and Juanita share a room at 88 Florence Avenue. That is the address that defendant and Juanita gave to the police when arrested. Defendant Richard Story resides at 4 Beech Street, White Plains. Given those parameters, the only conclusion that can be reached upon a reading of the noticed statement is that it is being attributed to defendant Roosevelt Payne, and no other.
Were the court to treat the amendment as a late notice of statement, it would have granted defendant’s motion since, among other things, timeliness of notice is strictly enforced, and the People have not shown “good cause” for such late notice. Among other things, “good cause” cannot be established by “office failure” (People v Briggs, 38 NY2d 319, 321), “mere neglect” (People v Boughton, 70 NY2d 854, 855), or the absence of prejudice to the defendant (People v McMullin, 70 NY2d *165 855, 856-857; People v O’Doherty, 70 NY2d 479, 481, 486-487). In line with such strict construction are holdings that prevent the remediation of late notice deficiencies through discovery practice taking place outside of the 15-day period following arraignment (People v Lopez, 84 NY2d 425, 428-429; People v Kahley, 214 AD2d 960 [4th Dept 1995]).
However, given the substance and the nature of the subject statements, I find that the service upon the defendant of the “Amended Notice” constitutes an amendment to an already timely served notice. As such, the propriety of its filing is examined under the more liberal rules that are applicable to the amendments of timely served noticed statements which, generally, require a comparison of the content of the original notice to that of the amended notice (see, People v Springer, 221 AD2d 386 [2d Dept 1995] [notice of statement sufficient to allow a sketch into evidence since noticed statement contained sum and substance of what drawing indicated]; People v Martinez, 203 AD2d 212 [1st Dept 1994] [unnoticed statements were entirely consistent with noticed statement]; People v Bennett, 80 AD2d 68 [3d Dept 1981] [challenged oral admission substantially the same as written statement], affd 56 NY2d 837; People v Canute, 190 AD2d 745 [2d Dept 1993] [difference between identification notice served and evidence sought to be introduced at trial did not impede defense], lv denied 81 NY2d 968).
An amendment to a CPL 710.30 notice of statement is permissible where, as here, the amendment and the original timely served notice are identical, except to the extent that the amendment seeks to change that which is readily apparent to the defendant from a mere reading of the statement; here, that the statement is one alleged to have been made by him.
Accordingly, the motion to strike is denied.
In light of this determination, the court will allow defendant until September 1, 1998 to file a motion to suppress the noticed statement, if he so chooses.