█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK SIDES, Appellant. (Appeal No. 1.) [697 NYS2d 208] —Judgment unanimously affirmed. Memorandum: County Court properly permitted a prosecution witness to testify that defendant asked him not to testify at trial and threatened him in the hallway outside the courtroom (*see, People v Sherman*, 156 AD2d 889, 891, *lv denied* 75 NY2d 970; *People v Warner*, 126 AD2d 788, 790, *lv denied* 69 NY2d 887). The record supports the court's determination that the same witness was familiar with defendant. Thus, there was no risk that police suggestion could lead to a misidentification, and the identification of defendant through a photo array was confirmatory and the notice and hearing requirements of CPL 710.30 did not apply (*see, People v Rodriguez*, 79 NY2d 445, 450, 452; *People v Kahley*, 214 AD2d 960, 961). The verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The court did not abuse its discretion in admitting in evidence a photograph of the murder victim (*see, People v Pobliner*, 32 NY2d 356, 369, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905).

We reject the contention that the prosecutor improperly cross-examined defense witness Danielle Robinson regarding her failure to come forward sooner with material evidence (*see, People v Perez*, 159 AD2d 219, 220, *lv denied* 76 NY2d 740; *see generally, People v Dawson*, 50 NY2d 311, 321). The contention that the prosecutor also improperly cross-examined another defense witness is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The court properly refused to charge manslaughter in the first and second degrees and criminally negligent homicide as lesser included offenses of intentional murder in the second

degree. There is no reasonable view of the evidence to support a finding that defendant acted recklessly or with criminal negligence rather than intentionally (*see, People v Dalgetty,* 242 AD2d 859, *lv denied* 91 NY2d 871) or that he intended to cause serious physical injury rather than death (*see, People v Kelly,* 221 AD2d 661, 662, *lv denied* 87 NY2d 974, *cert denied* 517 US 1200).

Defendant failed to preserve for our review his contention that the court's *Sandoval* ruling constituted an abuse of discretion (*see, People v McAllister,* 245 AD2d 184, 184-185, *lv denied* 91 NY2d 894), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject the contention that defendant was denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147).

A preponderance of the evidence at the probation violation hearing supports the court's finding that defendant violated the terms and conditions of his probation requiring him to undergo an alcohol and drug evaluation and, if recommended, to complete any drug or alcohol program deemed appropriate (*see, People v Raleigh,* 184 AD2d 869, *lv denied* 80 NY2d 908). (Appeal from Judgment of Monroe County Court, Connell, J.— Murder, 2nd Degree.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.