OPINION OF THE COURT
Augustus C. Agate, J.
The defendant has moved in an omnibus motion for the following: (1) motion to compel bill of particulars and discovery; (2) motion to deem information a complaint; (3) motion to preclude identification; (4) motion for a Sandoval hearing; and (5) reservation of rights.
*50 The motion is decided as follows:
Motion for Bill of Particulars and Discovery
The People are directed to comply with the motions for discovery and/or a bill of particulars to the extent required by CPL 240.20 and 200.95.
Motion to Deem Information a Complaint
The original supporting deposition has a signature that appears to have been crossed out. The court does not have to address the motion to deem the information a complaint, because the People have filed a new supporting deposition.
Motion to Preclude Identification
The defendant is charged with menacing in the second degree (Penal Law § 120.14 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). The defendant has made a motion to preclude the People from introducing identification evidence, contending that the People have failed to provide him with appropriate notice pursuant to CPL 710.30 (1) (b). The defendant specifically argues that because the People omitted the name of the identifying witness on the notice form and because the notice was given to the defendant more than 15 days after the time of the arraignment, the People failed to comply with the statute. The court does not agree. CPL 710.30 (1) (b) mandates that the People serve notice, upon the defense, of their intent to offer at trial identification notice of a witness who has previously identified the defendant. This notice should be provided within 15 days of arraignment. (CPL 710.30 [2].) The failure of the People to abide by this mandate requires preclusion of the identifying witness’ testimony as to both his in-court and unnoticed out-of-court identification unless the People demonstrate good cause for their failure, or unless the defense has moved for suppression of the evidence despite the lack of proper notice. (CPL 710.30 [2], [3]; People v Rodriguez, 156 Misc 2d 949 [1993].) To decide this motion the court must examine what exact information must be included in the notice of identification for it to be sufficient under CPL 710.30 (1) (b).
In People v O’Doherty (70 NY2d 479), the Court articulated what was the purpose behind the enactment of CPL 710.30. “[T]he ‘central purpose’ of the notice provisions of CPL 710.30 is to provide a defendant with adequate notice of statements and pretrial identifications so as to permit the defendant a meaningful opportunity to challenge the evidence at issue.” (People v Centeno, 168 Misc 2d 172, 175.) This then begs the question: what kind of information must be provided in the *51 CPL 710.30 notice, which provides the defendant with “a meaningful opportunity to challenge the evidence at issue”? The defendant relies on People v Lopez (84 NY2d 425) to underscore his argument that the failure to provide the name of the identifying witness in the notice renders the notice insufficient. In People v Lopez (supra), the Court found the CPL 710.30 notice was inadequate. The notice in Lopez (supra), which listed various types of evidence and contained appropriate boxes before each that the prosecutor had marked where applicable with an “x” indicating the type to be offered at trial, including an oral and a written statement made to a public servant and an identification of defendant by a witness, was found to be inadequate where the form provided no further information about the evidence, and no documents were attached. The Court found (at 428) that the notice “informed [the defendant] that the People intended to offer oral and written statements and identification evidence but failed to specify the evidence as the statute commands.” The People were required to (at 428) “inform defendant of the time and place the oral and written statements were made and of the sum and substance of those statements * * * Full copies of the statements need not be supplied but they must be described sufficiently so that the defendant can intelligently identify them.” The defendant’s reliance on the holding in Lopez (supra) is erroneous. The notice provided in Lopez was in essence a “blank notice.” A “blank notice” is defined in People v Cox (161 Misc 2d 1011, 1015) as a form sheet “which simply tracks the language of the statute.” In Lopez, the Court held that in order for a CPL 710.30 notice to be sufficient, the People are required to inform the defendant of the time, place, to whom the identification was made and the sum and substance of the statements. People v East (174 Misc 2d 374) is a case that is right on point on the issue of whether the failure to identify the identifying witness in the CPL 710.30 notice renders the notice insufficient. The court held that the notice was sufficient even though the CPL 710.30 notice did not name the identifying witness, because the date, location, number of witnesses, and type of identification procedure were all included in the CPL 710.30 notice. In People v Sang Bae (164 Misc 2d 669) the court also found that the CPL 710.30 notice was sufficient because it also included the date, the manner of the identification, and the number of witnesses the People intended to offer at trial.
The courts, upon examining the sufficiency of the CPL 710.30 notices, have taken a totality of the circumstances approach, *52 looking at all of the information which is provided in the notice in question, in order to determine the sufficiency of the notice. Upon examination of the CPL 710.30 notice that was provided to the defendant in the case at bar, this court holds that the notice is not a “blank sheet” notice, as was the case in Lopez (supra). The court finds that the notice in this case clearly provides the time, date, location, type of identification, and to whom the identification was made.
This court rules that the CPL 710.30 notice was timely, as it was provided at the arraignment. The court also holds that while it is “better practice” to name the identifying witness in the CPL 710.30 notice (People v Hilton, 147 Misc 2d 200), the failure to do the same alone is not fatal and does not render the notice insufficient unless there are other facts and omissions as discussed above, that warrant the preclusion of the identification testimony. It also should be noted that the identification procedure used in this case was a confirmatory identification, which means that the CPL 710.30 notice requirement would not have been needed to be given to the defendant. (People v Gissendanner, 48 NY2d 543.) The exception to the CPL 710.30 notice requirement is based on the notion that where a witness knows the defendant, there is “no risk that police suggestion would lead to a misidentification.” (People v Sides, 265 AD2d 907.) Since the defendant did not move for a Rodriguez hearing, the court will not address that issue. (People v Rodriguez, 79 NY2d 445 [1992].)
This motion to preclude identification testimony is denied.
Sandoval Hearing
The branch of the defendant’s motion seeking a Sandoval hearing is granted to the extent that the defendant may renew this part of the motion before the Trial Judge.
Reservation of Rights
The branch of the defendant’s motion seeking the right to make further motions is granted to the extent provided for in CPL 255.20 (3).