In two related juvenile delinquency proceedings pursuant to Family Court Act article 3, the Presentment Agency appeals from two orders (one in each proceeding) of the Family Court, Kings County (McElrath, J.), both dated October 17, 2012, which dismissed the petitions without prejudice.
Ordered that the orders are affirmed, without costs or disbursements.
The arguments of the respondent Courtney C. that the appeal from the order dismissing the petition against him must be dismissed because that order was entered on consent of the Presentment Agency are foreclosed from review pursuant to the law of the case doctrine (see Clinkscale v Sampson, 104 AD3d 722 [2013]). A prior decision and order on motion of this Court denied that branch of Courtney C.’s motion which sought dismissal of that appeal on an identical ground. His remaining arguments relating to dismissal of that appeal are without merit (see Family Ct Act § 365.1 [2] [a]).
However, contrary to the Presentment Agency’s contention, its voluntary disclosure form, which gave an erroneous time and an erroneous location of a showup identification procedure, did not give the respondents adequate notice of the identification evidence that the Presentment Agency intended to present at the fact-finding hearing (see Family Ct Act § 330.2 [2]; cf CPL 710.30 [1] [b]; People v Lopez, 84 NY2d 425, 428 [1994]; People v Scott, 222 AD2d 1004 [1995]; People v Sang, 212 AD2d 1024 [1995]; People v Canute, 190 AD2d 745 [1993]; People v Ocasio, 183 AD2d 921 [1992]). The Family Court properly determined that the Presentment Agency’s failure to comply with Family Court Act § 330.2 (2) required preclusion of the identification evidence, without regard to whether the respondents were prejudiced by the lack of notice (see Matter of Kendell F., 30 AD3d 601 [2006]; cf. People v Lopez, 84 NY2d at 428; People v Scott, 222 AD2d 1004 [1995]).
The Presentment Agency’s remaining contentions are without merit. Skelos, J.P, Balkin, Leventhal and Sgroi, JJ., concur.