People v Lopez (2024 NY Slip Op 50959(U))

[*1]

People v Lopez

2024 NY Slip Op 50959(U)

Decided on July 25, 2024

Supreme Court, Bronx County

Zimmerman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 25, 2024
Supreme Court, Bronx County

The People of the State of New York

against
Jose Lopez, Defendant.

Ind. No. 72147-24

Defense: William Schwarz
People: ADA Joseph Gattuso

Jeffrey Zimmerman, J.

Defendant's motion is decided as follows:
MOTION TO INSPECT THE GRAND JURY MINUTES AND DISMISS OR REDUCE THE INDICTMENT
Defendant's motion to inspect the Grand Jury minutes is granted. Upon inspection, Defendant's motion to dismiss the indictment or reduce the charges for legal insufficiency or defects in the proceedings is denied. The evidence presented to the Grand Jury was legally sufficient to establish every element of each offense charged, the instructions were not defective as a matter of law, and the proceedings were properly conducted.
Absent a protective order, the People must disclose the minutes of witness testimony to Defendant (see CPL § 245.20 [1] [b]). Defendant's application for release of the remainder of the Grand Jury minutes is denied (see CPL § 210.30 [3]).

SUPPRESSION OF PHYSICAL EVIDENCE
Defendant's motion to suppress physical evidence is granted to the extent that a Mapp/Dunaway hearing is ordered.

PRECLUSION OF STATEMENT EVIDENCE
The People provided notice of their intention to offer evidence of Defendant's statements made to Police Officer Baptiste on April 25, 2024 at approximately 10:52 P.M., which were captured on body worn camera and served on Defendant via Evidence.com. Defendant moves to preclude the use of any statements made by him on the grounds that the People's notice was insufficient as it did not recite the sum and substance of what was said by Defendant.
The purpose of CPL 710.30 is to afford defendant an opportunity to challenge the voluntariness of his or her statements. Notice is sufficient if it informs defendant of the time, place, and sum and substance of the statements made. "Full copies of the statement need not be supplied but they must be described sufficiently so that defendant can intelligently identify them." (People v Lopez, 84 NY2d 425, 428 [1994]).
Here, Defendant was provided with more than just the sum and substance of his statements. Police Officer Baptiste's body worn camera footage constitutes a "full cop[y] of the statements" that the People intend to introduce at trial and provides the circumstances under which each statement was made (id.). Therefore, Defendant has been provided with all the information necessary to challenge the voluntariness of his statements, which fulfills the purpose of CPL 710.30.
Defendant argues that this case is similar to People v Bell, 42 Misc 3d 639 [Rochester City Ct 2013]. There, the People provided defendant with a form cover letter that read: "Enclosed please find the discoverable contents of my file pursuant to CPL 240.20 . . . You are hereby given notice pursuant to CPL 710.30 of all statements made to and/or identification procedures performed by a public servant that are described in the attached materials." The court held that because the letter read "like a notification of the possible existence of statements, instead of a notice of an intention for their use" and failed to mention the time, place, or sum and substance of the statements, Defendant was not provided with sufficient notice (Bell at 639-640). Similarly, in People v Williams, 83 Misc 3d 1222(A) [Crim Ct, Kings County 2024], defendant was not provided with sufficient notice where the statement notice merely listed twelve links to body worn camera and did not provide any times, dates or summaries of the statements.
The present case is distinguishable from Bell and Williams. Here, the People specified the time and place of the statements and the officer that the statements were made to. The People then did more than merely provide the "sum and substance" of the statements they intend to introduce at trial; rather, they provided the actual statements by serving body worn camera. While the People disclosed fifteen body worn camera videos, only one video was uploaded by Police Officer Baptiste and recorded on April 25, 2024 at 10:52 P.M. (see People's Exhibit 1). In this case, Defendant has received notice that is sufficiently specific as to which statements the People intend to introduce at trial.
Defendant's argument is an odd one. Essentially, by complaining that turning over recordings of Defendant's actual statements does not provide him with sufficient notice, Defendant is attempting to turn the clock back to a time that no longer exists. Due to the increased use of body worn camera, it is common for the police and prosecution to have recordings of statements made by a defendant during the entirety of a police encounter. Before such recordings existed, it was necessary for CPL 710.30 notice to recite the sum and substance of a defendant's statement. This is no longer the case. Serving a recording of a statement in lieu of providing a written summary fulfills the purpose of CPL 710.30, as long as the People provide the necessary level of specificity to allow Defendant to intelligently identify which statements are at issue. In this case, the People intend to introduce all statements made by Defendant that were recorded on Police Officer Baptiste's body worn camera on April 25, 2024 at approximately 10:52 P.M. Accordingly, the Court finds that the People's statement notice is sufficient and Defendant's motion to preclude his statements is denied. Since the People properly served CPL 710.30 (1) (a) notice, a Huntley hearing is ordered.

 DISCOVERY
All parties are expected to timely comply with their respective statutory and constitutional discovery obligations.

 SANDOVAL/VENTIMIGLIA/MOLINEUX
The People are ordered to notify Defendant of all specific instances of uncharged criminal, vicious or immoral conduct of which the People have knowledge and which they intend to use for the purpose of impeaching the credibility of Defendant (see CPL § 245.20).
Any issues concerning the use of Defendant's prior convictions or bad acts on the People's direct case or during cross-examination of Defendant, if any, are referred to the trial judge (see People v Sandoval, 34 NY2d 371 [1974]; People v Ventimiglia, 52 NY2d 350 [1981]; People v Molineux, 168 NY 264 [1901]).

RESERVATION OF RIGHTS
Defendant's request to file additional motions is denied with leave to renew upon a showing of good cause pursuant to CPL § 225.20 (3).
The foregoing constitutes the decision and order of the court.
Dated: July 25, 2024
Bronx, New York
Hon. Jeffrey Zimmerman, A.J.S.C.