OPINION OF THE COURT
Harold Fertig, J.
Motion by the People to reargue the court’s suppression of the identification by Katie Daniels, without a hearing, for failure of the People to serve written notice, pursuant to CPL 710.30 (1) (b), is granted. The substantive relief requested is decided below.
*315 In the omnibus motion served by defendant on March 10, 1989, it is stated: "Defendant seeks suppression of all potential identification testimony. According to police reports provided with the VDF (voluntary disclosure form), the complaining witness made an identification in a photographic array five weeks prior to the corporal [sic] identification. Upon information and belief, the photographic identification procedure was unduly suggestive.” According to defense counsel, the VDF filed by the People in connection with this case informed defendant, pursuant to CPL 710.30 (1) (b), that identification testimony would be offered at his trial from Henry Hudson and Walter Prince, each of whom made a lineup identification of defendant on October 19, 1988 at the 81st Precinct.
Defendant’s motion for a Wade hearing was granted. On May 8, 1989, as the scheduled hearing was about to commence, the People turned over Rosario material which included a follow-up report No. 8, dated October 19, 1988, reflecting the identification of defendant by Katie Daniels, another complainant. The first witness called by the People at the Wade hearing was Katie Daniels. Defense counsel strenuously objected to her testifying, based on the People’s failure to timely serve notice of her identification pursuant to CPL 710.30 (1) (b). The Wade hearing was adjourned for both sides to submit memoranda which were served, and on June 22, 1989, this court ruled that Katie Daniels’ identification would be precluded.
Subsequent to this decision and in support of the People’s motion to reargue, it was brought to the court’s attention that prior defense counsel was present at the lineup in which defendant was identified by Katie Daniels, Henry Hudson and Walter Prince. CPL 710.30 (1) (b) provides that: "Whenever the people intend to offer at a trial * * * testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.” CPL 710.30 (2) provides: "Such notice must be served within fifteen days after arraignment and before trial * * * [and f]or good cause shown, however, the court may permit the people to serve such notice thereafter” (emphasis added).
The New York State Court of Appeals has held that the *316 notice provision in this section does not apply where a prior identification was made at a judicially supervised proceeding (People v White, 73 NY2d 468). The court opined that the controlling principle in interpreting statutes is the legislative intent (citing Ferres v City of New Rochelle, 68 NY2d 446, 451; Matter of Albano v Kirby, 36 NY2d 526, 529-530; Matter of Petterson v Daystrom Corp., 17 NY2d 32, 38). In a footnote (supra, 73 NY2d, at 474, n 1) the court points out that past decisions have avoided an interpretation of CPL 710.30 that places too much emphasis on the statute’s literal language when doing so would produce results plainly at odds with the policy of the legislation as a whole (citing People v Tas, 51 NY2d 915, 916; People v Collins, 60 NY2d 214, 218-219; People v Berkowitz, 50 NY2d 333, 338; People v Gissendanner, 48 NY2d 543, 552).
In People v O’Doherty (70 NY2d 479), the Court of Appeals found that the People did not establish good cause for their failure to comply with the statutory requirements that they notify defendant, within 15 days of her arraignment of their intention to offer at trial evidence of a statement made by her to a police officer (CPL 710.30 [1] [a]). In analyzing CPL 710.30, the court reasoned that the central purpose of the statute is to provide a defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements (or identification testimony) to be used ^against him. In 1976, along with the amendment to CPL article 255 which sought to impose order and speed on pretrial motion practice by requiring the defendant to make substantially all pretrial motions at one time, on one set of papers before one Judge, within 45 days after arraignment (CPL 255.20), CPL 710.30 was amended to require notice to the defendant regarding potential trial evidence of statements or identification, within 15 days after arraignment. Thus, not only consideration of fairness to the defendant, but also concerns for the speedy and efficient conduct of criminal prosecutions underlie the Legislature’s directive.
Without reading CPL 710.30 literally, but in accordance with legislative intent, the objective is to give notice to a defendant who might otherwise be unaware that he was the subject of an identification procedure, thereby enabling him to make the necessary pretrial motions to facilitate a timely resolution. Reviewing CPL 710.30 from an historical perspective, the Court of Appeals in People v White (supra, at 474) concluded that it was drafted as " 'a legislative response to *317 the problem of suggestive and misleading pretrial identification procedures treated by the Supreme Court in Gilbert v California (388 US 263), United States v Wade (388 US 218) and Stovall v Denno (388 US 293)’. (People v Gissendanner, 48 NY2d 543, 552.) In each of those cases, the court was concerned with trial identifications predicated on earlier confrontations between an uncounselled defendant and an eyewitness involving lineups, showups or photographs for the purpose of establishing the identity of the criminal actor. CPL 710.30 sets forth a procedure to provide notice to a defendant who might otherwise be unaware that the People are in possession of such evidence and thus allows the defendant to test the reliability of the identification before trial.”
This reasoning is consistent with prior Court of Appeals decisions. In People v Michel (56 NY2d 1014), defendant’s confession was negotiated, drafted and signed by both defendant and his attorney and specifically stated that it was going to be used in court. No separate notice of intention to use the confession was served on defendant by the People. Defendant had been counselled and the court found that it was clear to the defense that the confession was an integral part of the agreement ultimately concluded. Under these circumstances, the defense had actual notice of the prosecution’s intent to introduce the confession at trial, and, therefore, good cause for dispensing with the statutory notice requirement.
In the case at bar, the lineup orders served upon the defense, of which this court received a copy on December 15, 1989, indicate the date, time and location of the various crimes committed; that the victim in each of the alleged incidents had viewed photographs and selected the photograph of Andre Allen as being the individual who committed the specific captioned offense; and that the victim believes that he could positively identify the perpetrator of the crime if given an opportunity to view the individual corporeally. The order further stated that if the lineup resulted in an identification of Andre Allen, the lineup will provide the People with admissible trial evidence. The orders did not mention the names of the individual victims. However, prior defense counsel was present at the lineup viewed by Henry Hudson, Walter Prince and Katie Daniels and was aware that all three made a positive identification of defendant Andre Allen. These lineup orders, coupled with the presence of the previous defense counsel at the lineups, constitute notice to defendant *318 of "admissible trial evidence” of identification, whether or not the People, in fact, present such evidence.
To further illustrate that CPL 710.30 (1) (b) cannot be read literally, the portion thereof that states "[w]henever the people intend to offer at a trial” flies in the face of the obligation of the People to notify defendant of a preindictment identification procedure such as a photo identification standing alone. In such a situation, the defendant should be afforded the opportunity to question whether or not it was conducted in a suggestive manner and the court the opportunity to determine if the witness’s ability to identify the defendant is free of suggestability. "Thus, even where the procedure itself is per se inadmissible, as in the case of a photo identification, the fairness of the identification procedure must be established in any event” (People v Vargas, 118 Misc 2d 477, 480).
The case, People v Bernier (73 NY2d 1006), cited by defendant in support of his motion in opposition to reargue, is distinguishable from the case at bar. In People v Bernier (supra) defense counsel learned during trial jury selection that a person to whom no CPL 710.30 (1) pretrial notice had been given would be called as the prosecution’s main identifying witness. Therein, the Court of Appeals affirmed the Appellate Division which reversed the conviction and suppressed the identification because the initial preclusion motion, due to failure of timely statutory notice, should have been granted.
The former decision of this court which precluded the identification of Katie Daniels is amended. The People are to go forward with the Wade hearing as to the witnesses, Henry Hudson, Walter Prince and Katie Daniels. Although Katie Daniels’ name was not mentioned in the original VDF, her name was mentioned in the indictment. Defense counsel was present when she identified defendant at the lineup. Pursuant to the lineup order, defendant was aware that any identification which might result from the lineups could be used by the People as admissible trial evidence. The actual notice of these facts by the defense is sufficient to dispense with the statutory notice requirement of CPL 710.30.