OPINION OF THE COURT
Ruth Levine Sussman, J.
The defendant, Christopher Calise, is charged with aggravated unlicensed operation of a motor vehicle (Vehicle and *278 Traffic Law § 511 [2] [a] [iv]). He moves for preclusion of statements based on the People’s failure to provide notice pursuant to CPL 710.30. The People oppose the motion on the ground that although formal CPL 710.30 notice was not given, the defendant had actual notice of the statements which were contained in the text of the accusatory instrument.
The statements in question were contained within the factual allegations of the misdemeanor complaint, which was filed at defendant’s arraignment on March 23, 1994. No CPL 710.30 notice was given at that time. The accusatory instrument states in relevant part: "Deponent is further informed by informant that informant’s basis for believing that the defendant knew or had reason to know that his/her license was suspended or revoked is as follows: The defendant was unable to produce a valid license. The defendant stated, in sum and substance, that he/she did not have a driver’s license. The defendant stated, in sum and substance that he/she knew his/her driver’s license was suspended or revoked.”
Defendant argues that the inclusion of the statements in the accusatory instrument does not relieve the People of their twofold obligation pursuant to CPL 710.30 by which the defendant would not only have been informed of the statements, but also, of the People’s intention to use such statements against him at trial. The People in their answering affirmation claim that the actual notice of the statements in the accusatory instrument should have also informed the defendant of the People’s intent to use them against him at trial.
CPL 710.30 requires that the People serve notice upon a defendant within 15 days after arraignment of their intention to offer evidence at trial of statements made by the defendant to a public servant. For good cause shown, the People may serve late notice. The clear language of the statute imposes on the People the obligation not only to inform the defendant of the statements but also of their intent to use them at trial. The primary purpose of CPL 710.30 notice is to give the defense the opportunity to challenge the voluntariness and the admissibility of such statements prior to trial. The 15-day notice requirement is strictly construed and lack of prejudice to the defendant is not a substitute for a demonstration of good cause. (See, People v O’Doherty, 70 NY2d 479, 487 [1987].) The People in this case have not argued good cause for late notice.
In support of their position, the People rely on cases which, although similar to the case at bar in that CPL 710.30 notice was not given, can be significantly distinguished from the *279 instant case. The cases cited by the People involve situations where the courts found that CPL 710.30 did not apply or where the defendants and their attorneys had more "actual notice”, in that they had some understanding that the statements or the identifications were going to be used at trial. In People v Michel (56 NY2d 1014, 1015 [1982]), although there was no CPL 710.30 (1) (a) notice, the Court found "good cause shown”, since the statement, a confession, was negotiated, drafted and signed by both the defendant and his attorney and specifically stated that it was "going to be used in court”. In People v Costello (101 AD2d 244 [3d Dept 1984]), the Court found that the trial court properly excused the prosecution’s failure to give CPL 710.30 notice since both the defendant’s attorneys had actual notice of the tapes before trial and had been orally advised that the People intended to use them at trial. In People v White (73 NY2d 468 [1989]), the Court held that the notice provisions were not implicated since the defendant and his attorney were present at the prior judicially supervised identification and had knowledge of the procedure. In People v Maldonado (144 Misc 2d 338 [Sup Ct, Bronx County 1989]), the court held that the identification was not precluded even though formal CPL 710.30 (1) (b) notice was not given since defense counsel was notified of the lineup and was actually present at the lineup when the identification was made. The court also found that the lineup order conveyed to the defendant that it would be introduced at trial. In People v Allen (146 Misc 2d 314 [Sup Ct, Kings County 1990]), the court found that although the witness was not mentioned in the CPL 710.30 notice, this information was included in the indictment and, pursuant to the lineup order, the defendant was aware that any identification which might result from the lineup could be used by the People at trial.
A case more analogous to the situation in the case at bar is cited by the defendant. In People v Phillips (183 AD2d 856 [2d Dept 1992]), the People turned over a voluntary disclosure form which contained a statement notice. At the same time, the People turned over police reports annexed to the form which contained another statement not contained in the notice. The Appellate Division held that the latter statement, for which no notice was given, should have been precluded because although the defendant was informed of the existence of the statement, the defendant was not given timely notice of the People’s intent to use it. Other courts dealing with similar circumstances have precluded the use of such statements. In
*280 People v Welgoss (NYLJ, Feb. 7, 1992, at 27, col 2 [Crim Ct, Kings County]), a case directly on point, the court found that although the sum and substance of a statement was contained in the complaint, the People’s failure to give formal notice of their intent to use the statement at trial precluded such use. In People v Holley (157 Misc 2d 402 [Crim Ct, NY County 1993]), the court precluded the use of statements from the intoxicated driver’s examination where such statements were not included in the People’s CPL 710.30 (1) (a) notice served at arraignment. In People v Ziskin (158 Misv 2d 447 [Crim Ct, NY County 1993]), although finding that the statement in question did not fall within the meaning of CPL 710.30 (1) (a) because it was voluntary, the court in dicta stated that had the unnoticed statement found in the complaint been determined to be a statement within the meaning of CPL 710.30, the statement would have to be precluded because there was no notice of the People’s intent to use the statement at trial.
Unlike the cases cited by the People, in the case at bar, there is no allegation that the defendant had any more "actual notice” of the statements than the mere inclusion in the complaint. Furthermore, from a review of the arraignment minutes there is no indication that the defendant was ever informed that the statements were going to be used against him at trial. Examining the accusatory instrument, the court notes that the defendant’s statements do not stand out from the rest of the complaint, and are not set off by quotation marks. The statements are written in boilerplate language which is not even specific as to defendant’s gender.
Accordingly, based on the foregoing, the defendant’s motion for preclusion of the statements for which no CPL 710.30 notice was given is granted.