■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ROSS, Appellant. [664 NYS2d 334] —Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered October 31, 1995, convicting him of robbery in the second degree (two counts), grand larceny in the fourth degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had probable cause for his arrest based upon the victim's identification of him as one of the perpetrators (*see, People v Pagan,* 184 AD2d 738). The identification was not the product of a police-arranged procedure. Rather, the victim spontaneously identified the defendant to an approaching police officer (*see, People v Leuthner,* 216 AD2d 327). Since the defendant moved to suppress the identification testimony and a hearing was held, any defect in the notice given by the People pursuant to CPL 710.30 (1) (b) became irrelevant (*see, People v Kirkland,* 89 NY2d 903, 905).

The defendant's contention that the evidence was not legally sufficient to establish the element of physical injury within the meaning of Penal Law § 160.10 (2) (a) and § 120.05 (6) is unpreserved for appellate review (*see, People v Logan,* 74 NY2d 859). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Miller, J. P., Ritter, Altman and Krausman, JJ., concur.