OPINION OF THE COURT
Lucy Billings, J.
This case requires the court to resolve two difficult issues *162 that frequently arise when a misdemeanor information includes a defendant’s statements as basis for the offense charged. The first issue arises when, without the defendant’s admissions, the information does not allege sufficient facts to support the charge. Although CPL 60.50 forbids convictions solely upon uncorroborated admissions, and CPL 190.65 (1) imposes that corroboration rule on indictments, the Legislature expressly refrained from imposing that rule on misdemeanor accusatory instruments. Thus a misdemeanor information is not insufficient be'cause it relies on a defendant’s admission, which is admissible as an exception to the rule against hearsay, to establish an offense.
If the People intend to introduce evidence of the defendant’s statements at trial, however, service of the accusatory instrument containing the statements on him is not notice of the intention to offer the evidence, as required by CPL 710.30 (1) (a) and (2). Although a deféndant may move simultaneously to preclude the statements and to suppress them if the court denies preclusion, as long as he does not proceed to a determination of the suppression motion, he has not evinced actual notice sufficient to effect a waiver of his preclusion rights.
In this case, the People have charged defendant with criminal trespass in the second degree. (Penal Law § 140.15.) He moves to dismiss the accusatory instrument as facially insufficient because it relies on his statements. (CPL 170.30 [1] [a]; 170.35 [1] [a].) He also moves to preclude the People from offering evidence of his statements at trial because he has not received timely notice of the intention to use them at trial. (CPL 710.30 [3].) Alternatively, he moves to suppress his statements as involuntary (CPL 60.45, 710.20 [3]; People v Huntley, 15 NY2d 72 [1965]), or the fruit of an unlawful seizure. (Dunaway v New York, 442 US 200 [1979].)
In determining the motions the court has considered the factual allegations in the accusatory instrument, defendant’s motion papers, and the People’s response and voluntary disclosure form. For the reasons discussed below, the court denies defendant’s motion to dismiss and grants the motion to preclude.
I. THE MOTION TO DISMISS FOR FACIAL INSUFFICIENCY
A. The Parties’ Pleadings and Arguments
A person commits criminal trespass in the second degree when he “knowingly enters or remains unlawfully in a dwell *163 ing.” (Penal Law § 140.15.) The accusatory instrument alleges that at 9:38 a.m. on March 2, 1997, at 108 Avenue D, New York County, Police Officer Richard Suffern:
“observed the defendant on the roof of the dwelling, an apartment building where people reside at the above location and that said location is posted with signs saying ‘No Trespassing’ and in part: ‘Anyone who remains unlawfully upon these premises will be prosecuted’ (HPD Building).
“Defendant did not have permission or authority to be inside the dwelling based on information and belief the source of which is as follows: defendant is not a tenant of said location in that defendant provided a residence address different from the above location and informant observed the defendant trespass in a Housing Authority Building. Informant is a member of the Housing Bureau and as such is an agent of this building and defendant did not have permission or authority to enter or remain in the area where (s)he was found.
“Defendant is not an invited guest in that defendant stated, in substance: I was just hanging out in the building waiting for the stores to open.” (Emphasis added.)
Defendant moves to dismiss the charge of trespass in a dwelling on the ground that the accusatory instrument alleges no basis for the offense aside from his alleged admission that he was not a resident or invited guest at the dwelling. Defendant does not argue that the accusatory instrument fails to allege the elements of the offense of criminal trespass in the second degree. He correctly points out, however, that without his admissions, the instrument alleges no facts that give rise to an inference of criminal conduct. Defendant’s presence on the roof of a dwelling from which trespassers are barred may justify a police officer’s bare informational inquiry regarding defendant’s identity, address, and destination (People v Hollman, 79 NY2d 181, 190-191 [1992]; People v Velasquez, 217 AD2d 510, 511 [1st Dept 1995]), but is not inherently indicative of criminality. (People v Powell, 246 AD2d 366, 368 [1st Dept 1998]; People v Giles, 223 AD2d 39, 40 [1st Dept 1996]; People v Sanders, 172 AD2d 239 [1st Dept 1991]; People v Kojac, 176 Misc 2d 187, 193 [Sup Ct, NY County 1998].) The fact that the officer had not granted defendant permission to enter or remain on the roof supports the offense only upon defendant’s admission that he was not a resident or an invitee at the dwelling. Because he cannot be convicted without independent proof that he committed the offense (CPL 60.50), he argues that any accusatory instrument failing to allege such proof is facially insufficient as *164 a matter of law. (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133, 136 [1987].)
B. The Application of CPL 60.50 to Accusatory Instruments
Since defendant’s sole claim of facial insufficiency is that CPL 60.50 imposes a corroboration requirement on any accusatory instrument alleging only an accused’s admission to support an element of the offense, the court must determine whether CPL 60.50 applies to misdemeanor accusatory instruments.
1. The Corroboration Requirement of CPL 60.50
CPL 60.50 provides that: “A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.” By its terms, CPL 60.50 forbids convictions solely upon uncorroborated confessions or admissions. A “conviction” is “the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument.” (CPL 1.20 [13].)
The rule protects against conviction of an offense based only on a person’s admission, with no other proof that the offense actually has been committed. (People v Lipsky, 57 NY2d 560, 570 [1982].) The rule is satisfied when the admission is supported by “ ‘some proof, of whatever weight’, that the offense charged has in fact been committed by someone”. (People v Booden, 69 NY2d 185, 187 [1987], quoting People v Daniels, 37 NY2d 624, 629 [1975]; see also, People v Duke, 160 AD2d 1017, 1018 [2d Dept 1990].) Thus it is unnecessary to produce independent evidence corroborating every element of the offense. (People v Chico, 90 NY2d 585, 589-590 [1997]; People v McCray, 198 AD2d 200, 201 [1st Dept 1993].) The corroboration requirement is met merely by proof of circumstances “ ‘ “calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key” ’ ”. (People v Jackson, 65 NY2d 265, 273 [1985] [citation omitted].)
2. The Requirements for Accusatory Instruments
An “accusatory instrument” means any of several forms of written accusation charging a person with an offense. (CPL 1.20 [1], [3]-[8]; 100.10.) The evidentiary standards for these instruments’ facial sufficiency vary. A misdemeanor information, as in this case, must contain nonhearsay allegations *165 providing reasonable cause to believe the accused committed every element of the offense. (CPL 100.40 [1].) Nonhearsay includes admissible hearsay. (Matter of Rodney J., 108 AD2d 307, 311 [1st Dept 1985]; Matter of Solomon D., 152 Misc 2d 7, 12 [Fam Ct, NY County 1991]; People v McKinney, 145 Misc 2d 460, 461 [Crim Ct, Kings County 1989].) Defendant’s admission, admissible as an exception to the rule against hearsay, thus may provide prima facie evidence establishing an element of an offense.
The rule of corroboration requiring “additional evidence of the crime” (People v Lipsky, 57 NY2d, supra, at 571) to prove guilt beyond a reasonable doubt is an evidentiary prescription at trial. The requirement serves the policy considerations against convictions based only on the accused’s admission. The required corroborating evidence does not add an element to an offense nor any necessary proof that defendant committed it. (People v King, 48 AD2d 457, 459 [1st Dept 1975].)
A 1983 amendment to CPL 190.65 (1) states that evidence presented to a Grand Jury, however, is not legally sufficient “when corroboration that would be required, as a matter of law, to sustain a conviction * * * is absent”. This amendment was a direct response to appellate courts’ inconsistent rulings on the corroboration requirement’s applicability to indictments. The First and Second Departments had held that the corroboration rule did not apply (see, Matter of Rodney J., 108 AD2d, supra, at 312; People v Alvarez, 141 Misc 2d 686, 690 [Crim Ct, NY County 1988]), while the Third Department, without explanation, assumed to the contrary. (People v Laws, 54 AD2d 518, 519 [3d Dept 1976].)
The First Department did impose the CPL 60.50 requirement on Family Court juvenile delinquency petitions, ruling that under Family Court Act § 311.2 those petitions must “be based on competent legal evidence sufficient to establish, if believed, that the respondent committed the acts charged.” (Matter of Rodney J., 108 AD2d, supra, at 313.) Two lower criminal courts then invoked Rodney J. to impose the confession corroboration requirement on misdemeanor informations. (People v Kaminiski, 143 Misc 2d 1089, 1093 [Crim Ct, NY County 1989]; People v Alvarez, 141 Misc 2d, supra, at 691.)
3. CPL 60.50 Does Not Apply to Misdemeanor Accusatory Instruments
This court does not agree that the 1983 amendment to CPL 190.65 (1) either requires or justifies the application of *166 the confession corroboration rule to misdemeanor accusatory instruments. Rodney J. (supra) extended the corroboration rule to a delinquency petition under Family Court Act § 311.2 that alleged acts which, had the respondent been an adult, constituted felonies. The court was compelled “to afford juvenile offenders the same procedural safeguards afforded their adult counterparts” and avoid the anomaly of a lesser standard of proof where felonious acts are alleged in a delinquency petition as opposed to an indictment. (Matter of Rodney J., 108 AD2d, at 313, citing Matter of Carmelo E., 57 NY2d 431, 435-437 [1982].) To accomplish that purpose, the court invoked Family Court Act § 303.1, allowing the court in delinquency proceedings to use the authority of CPL 190.65 (1) governing felonies. The court required that a petition alleging felonies under Family Court Act § 311.2, unlike the express language of CPL 100.40 (1), “be based on competent legal evidence”. (Matter of Rodney J., 108 AD2d, at 310.) The court did not extend the corroboration rule to delinquency petitions alleging only misdemeanors, when nothing in the standard of proof for misdemeanor informations afforded the corroboration safeguard to adults.
People v Kaminiski (143 Misc 2d, supra, at 1092) did extend the corroboration rule to misdemeanors based on Rodney J. (supra) and a belief that the failure also to amend CPL 100.40 (1) to incorporate the CPL 60.50 rule was a legislative “oversight”, correctable by the courts. Apart from whether Rodney J. should be construed expansively or narrowly, the rules of statutory construction require the court to construe the Legislature’s exclusion of the corroboration rule from CPL 100.40 (1) as intentional: “A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) If the Legislature had intended CPL 100.40 (1) to include the confession corroboration rule, it would have been easy to have expressly included the rule, just as the Legislature did in CPL 190.65 (1). (See, People v Ciauri, 166 Misc 2d 615, 621 [Sup Ct, NY County 1995].) The Legislature’s failure to include the rule in CPL 100.40 (1) indicates that its exclusion was intended. (See, People v McKinney, 145 Misc 2d, supra, at 463.) Unless constitutionally required, the courts cannot then usurp the Legislature’s power and insert the rule in the statute.
*167 People v Alvarez (141 Misc 2d, supra, at 691) sought to avoid “two standards of ‘prima facie’ ”, one for felonies and Family Court petitions, and another for misdemeanor informations. The perceived dual standards again depend on a broader interpretation of Rodney J. (supra) than either its text or its context requires. Read literally, it does not disturb the standards for alleging misdemeanors pursuant to both the unamended CPL 100.40 (1) and Family Court Act § 311.2, which, as the court recognized, are “derived from that section” (Matter of Darnell T., 134 Misc 2d 636, 638 [Fam Ct, Suffolk County 1987]), and “substantially identical”. (Matter of Rodney J., 108 AD2d, at 310.) More importantly, if CPL 100.40 (1) and 190.65 (1) do establish different standards for alleging misdemeanors as opposed to felonies, it is not for the courts to eliminate the difference.
In fact, before the 1983 amendment to CPL 190.65 (1), an indictment required “legally sufficient evidence”, defined as “competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent.” (CPL 70.10 [1].) Before the 1983 amendment, CPL 190.65 incorporated all the CPL 70.10 (1) criteria verbatim, except the corroboration requirement, which was only incorporated by reference to CPL 70.10 (l)’s full definition of “legally sufficient evidence”. Thus the 1983 amendment merely clarified that the evidentiary standard applicable to indictments did include the corroboration requirement of CPL 70.10 (1).
By contrast, CPL 100.40 (1) (b) always has used the reasonable cause standard of CPL 70.10 (2), avoiding the requirement that the evidence be “competent” altogether. The reasonable cause standard thus obviates any need to comply with the corroboration rule. (See, People v Hetrick, 80 NY2d 344, 349-350 [1992].)
4. Conclusion
However likely that the failure to extend the corroboration rule to misdemeanors was an oversight, corroboration may be required for accusatory instruments only where the Legislature specifically imposes such a requirement as a matter of policy. (See, People v Clarkson, 50 AD2d 903, 904 [2d Dept 1975].) However desirable uniformity in the evidentiary requirements for accusatory instruments may be, without legislative action or an interpretation of legislative intent by a court of superior *168 jurisdiction, local criminal courts may not impose evidentiary standards for misdemeanor informations not explicitly required by statute or controlling case law. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74; cf., People v Mauro, 147 Misc 2d 381, 388 [Crim Ct, NY County 1990].) Therefore the court denies defendant’s motion to dismiss.
II. THE MOTION TO PRECLUDE OR SUPPRESS STATEMENTS
The record of court action reveals no timely notice by the People of their intention to offer evidence of defendant’s statements at trial, as required by CPL 710.30 (1) (a) and (2), although the People did serve the accusatory instrument containing defendant’s statements on him at his arraignment. In addition, defendant moved alternatively to preclude or to suppress his statements, raising an issue as to whether his motion to suppress waived his preclusion rights. For the following reasons, the court determines that the notice of statements in the accusatory instrument is not notice of the People’s intention to offer the evidence, and defendant’s motion to suppress does not vitiate his preclusion rights. Therefore the court grants defendant’s motion to preclude the People from introducing evidence of his statements at trial. (CPL 710.30 [3].)
A. Reference to a Statement in an Accusatory Instrument Does Not Satisfy the Notice Requirement of CPL 710.30 (1) (a)
CPL 710.30 (1) (a) requires the People to serve notice of (1) specific evidence to be offered at trial and (2) their intention to offer the evidence. Inclusion of defendant’s statements in the accusatory instrument affords defendant notice of the statements, but not notice of the People’s intention to offer the statements at trial. (People v Phillips, 183 AD2d 856, 858 [2d Dept 1992]; People v Ziskin, 158 Misc 2d 447, 449 [Crim Ct, NY County 1993]; People v Calise, 167 Misc 2d 277, 278 [Crim Ct, Bronx County 1996]; People v Welgoss, NYLJ, Feb. 7, 1992, at 27, col 2 [Crim Ct, Kings County].) Once the People omitted the statements from the required notice under CPL 710.30 (1), the defense “had every right to assume that the People did not plan to use these statements on their direct case.” (People v Holley, 157 Misc 2d 402, 404 [Crim Ct, NY County 1993].)
Certainly defendant knew that he had made specific statements to the police, that the prosecution had taken note of these statements, and that the People were relying on the statements to support the charges in the accusatory instrument. Under these circumstances, the court might well find *169 that defendant should not be surprised if the People intend to use the statements at trial and that he would not be prejudiced by the People’s failure to give timely notice of that intention.
Defendant’s lack of surprise or prejudice, however, does not weigh against preclusion. It is irrelevant that the People’s failure to satisfy the notice requirement of CPL 710.30 (1) did not prejudice defendant. (People v Lopez, 84 NY2d 425, 428 [1994]; People v Calise, 167 Misc 2d, supra, at 280.)
Subdivision (2) of CPL 710.30 does authorize the court to permit the People to serve late notice of their intention to introduce defendant’s statements at trial, if the People show good cause for failing to serve timely notice. Here, the People also have failed to present any good cause for their failure to give timely notice. Good cause in this instance would be difficult to construct, since the People’s awareness of defendant’s statements and their potential use is evident from their inclusion in the accusatory instrument. Again, defendant’s lack of prejudice from the delay does not dispense with the People’s obligation to meet the statutory good cause requirement. (People v McMullin, 70 NY2d 855, 856 [1987]; People v O’Doherty, 70 NY2d 479, 481 [1987]; People v Phillips, 183 AD2d, supra, at 858; People v Calise, 167 Misc 2d, supra, at 278.)
The statutory remedy for the People’s failure to comply with the statutory requirements, either the notice or the good cause, is preclusion. In both respects, “prejudice plays no part in the analysis”. (People v Lopez, 84 NY2d, supra, at 428; see also, People v O’Doherty, 70 NY2d, supra, at 481.)
B. Defendant’s Motion to Suppress Does Not Vitiate His Motion to Preclude; He May Plead in the Alternative
The notice requirements are designed to effectuate a defendant’s rights to suppress improperly obtained evidence. (People v Lopez, 84 NY2d, supra, at 428.) When a defendant concedes having timely received actual notice of a statement, he may waive any claim that formal notice of the statement was not served. (See, e.g., People v White, 73 NY2d 468, 474 [1989]; People v Simmons, 170 AD2d 15, 22 [1st Dept 1991].) Likewise, when a defendant moves to suppress a statement as inadmissible at trial, he may waive any claim that notice was not timely served. The motion may afford defendant “the same opportunity for a court to pass upon the admissibility of the statement as he would have had if timely notice had been given.” (People v Amparo, 73 NY2d 728, 729 [1988].)
*170 Here, the question remains as to whether defendant was afforded the opportunity for a decision on the admissibility of evidence within the meaning of Amparo (supra) when he only invoked the suppression mechanism to the extent of making the motion, without pursuing it to conclusion. The applicable authority often uses broad language that is susceptible of misapplication and the conclusion that defendant has waived his preclusion rights in this situation. The express terms of CPL 710.30 (3) make clear, however, that the motion to suppress must be unsuccessful before subdivision (3) comes into play and creates an exception to the exclusionary rule: “In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible”. When the pertinent cases are considered together with the pertinent statute, a consistent rule emerges, and the cases may be reconciled despite superficially contradictory language. In cases where a defendant moved to suppress evidence subject to the notice requirements and then was denied preclusion of that evidence, the defendant had proceeded to a determination of the suppression motion. (See, e.g., People v Merrill, 87 NY2d 948, 949 [1996]; People v Perrilla, 247 AD2d 326 [1st Dept 1998]; People v Estrada, 241 AD2d 378, 379 [1st Dept 1997]; People v Castle, 251 AD2d 890 [3d Dept 1998].)
If defendant has only made the motion to suppress, he has not forfeited the right to move for preclusion. When he pursues the suppression motion to a decision on the merits, however, that invocation of the procedural safeguard evinces actual notice of the People’s intent to offer the evidence and waives any untimeliness or lack of notice. (People v Kirkland, 89 NY2d 903, 904-905 [1996]; People v O’Doherty, 70 NY2d, supra, at 483; People v Quinto, 245 AD2d 121 [1st Dept 1997]; People v Simmons, 170 AD2d, supra, at 22; People v Ross, 244 AD2d 513 [2d Dept 1997]; People v Fuentes, 240 AD2d 511, 512 [2d Dept 1997]; People v Wise, 236 AD2d 739, 741 [3d Dept 1997]; People v Linderherry, 222 AD2d 731, 733 [3d Dept 1995].)
Thus defendant did not waive preclusion by simultaneously moving for preclusion and for suppression if preclusion was denied. (People v Bernier, 73 NY2d 1006, 1008 [1989]; People v Boughton, 70 NY2d 854, 855 [1987]; People v Scott, 222 AD2d 1004 [4th Dept 1995].) The motion to suppress under CPL *171 710.20 “ ‘does not become necessary unless and until the court allows the defaulting prosecutor to provide late notice.’ ” (People v Laing, 79 NY2d 166, 171 [1992].)
A contrary rule would violate the letter and spirit of CPL 255.20, “which sought to impose order and speed on pretrial motion practice by requiring the defendant to make substantially all pretrial motions at one time, on one set of papers before one Judge, within 45 days after arraignment”. (People v O’Doherty, 70 NY2d, supra, at 488.) Defendant’s motion to suppress evinced nothing more than his fidelity to the statutory requirements for pretrial motion practice and his willingness, if his motion to preclude was denied, to forfeit his right to argue on appeal that that denial was erroneous. (People v Lopez, 84 NY2d, supra, at 427.)
Therefore defendant’s motion to preclude statements is allowed, despite its consolidation with a motion to suppress the statements. For the reasons discussed above, the court grants the motion to preclude.
III. CONCLUSION
In sum, even though defendant’s admissions, by themselves, would not be sufficient to support a conviction at trial, they are sufficient alone to support the charge in the misdemeanor information. Nevertheless, even though the People may rely exclusively on those statements for pleading purposes, inclusion of the statements in the pleadings is not notice of the People’s intention to introduce the statements at trial, and, therefore, absent timely further notice, the People may not use the statements at trial.