OPINION OF THE COURT
Raymond E. Cornelius, J.
The indictment, which was filed September 3, 1998, charges the defendant with two counts of murder in the second degree, relating to the shooting death of Jeffrey Smith on January 5, 1998. The defendant was arraigned on September 8, 1998, and at that time his counsel was provided with a copy of the indictment. In addition, a notice, which was attached to the indictment, and served pursuant to CPL 710.30, referenced two previous identification procedures. A witness, Marcus Robbins, was indicated as having been involved in both procedures. More specifically, the notice reflected that a photo array had been shown to Mr. Robbins on February 13, 1998. The second procedure was described as a physical lineup occurring on August 31, 1998. The lineup had been conducted as a result of a court order, issued pursuant to CPL 240.40 (2) (i), and counsel for the defendant had participated therein.
On October 7, 1998, the defendant filed an omnibus motion, seeking various forms of relief. In relevant part, this included an application, pursuant to CPL 710.20 (6) and 710.70 (1), for suppression of potential testimony regarding observation of him at the time of the commission of the crime, or some other relevant occasion, upon the grounds that such prospective testimony would be inadmissible, at trial, because of an improperly made previous identification. On October 13, 1998, which was the return date of the motion, the court granted the defendant’s motion for a hearing in regard to this application to suppress potential identification testimony. The so-called Wade hearing was originally scheduled for October 30, 1998, but at the request of defendant’s counsel, was adjourned to January 7, 1999.
In an affirmation, dated January 20, 1999, the Assistant District Attorney, who had been assigned to this case, asserts that on January 6, 1999 he informed counsel for the defendant of a third and previously unnoticed identification procedure involving the witness Marcus Robbins. More particularly, he states that he had learned, based upon conversations with *924 investigating officers, of a meeting with Mr. Robbins on January 16, 1998, at which time he had been shown a series of, six individual photographs by the police. Furthermore, the Assistant District Attorney contends that, immediately prior to the hearing on January 7, 1999, counsel met with the court in chambers. Again, at that time, he states that he advised the court, in the presence of counsel, of the previously unnoticed identification procedure. These assertions, by the Assistant District Attorney, have not been controverted by the defense.
The pretrial suppression hearing was commenced on January 7, 1999, following the conference in chambers. The People called, as their first and allegedly only witness, Investigator Evelyn Baez of the Rochester Police Department. The Assistant District Attorney then conducted a complete direct examination of Investigator Baez, during which he elicited testimony concerning all prior identification procedures. This included the meeting with Marcus Robbins at his home on January 16, 1998, at which time a series of individual photographs were shown to the witness and he purportedly identified the photograph of the defendant as the perpetrator. Counsel for the defendant then commenced her cross-examination of Investigator Baez, and elicited certain information. This included the fact that two other witnesses had identified another person, whose photograph had also been included in the array, as the person who shot the victim. The court then recessed the hearing, because of lateness of the hour, and directed that cross-examination of Investigator Baez would continue the following morning.
At the commencement of the proceedings on January 8, 1999, counsel for the defendant announced that she wished to withdraw the motion to suppress identification testimony, and in addition, orally made an application to preclude such testimony because of lack of notice of the identification procedure on January 16, 1998. The People consented to the application, and the defendant was permitted to withdraw the suppression motion, following which the court terminated the hearing. A decision was reserved concerning the defendant’s motion to preclude potential identification testimony.
CPL 710.30 (1) and (2) requires the People to serve notice, within 15 days after arraignment, of the intention to offer identification testimony, “specifying the evidence intended to be offered.” (CPL 710.30 [1].) This requires the People to serve a notice and “inform defendant of the time, place and manner in which the identification was made.” (People v Lopez, 84 *925 NY2d 425, 428 [1994].) Certainly, in the pending case, the notice was deficient because it failed to inform the defendant of the photographic identification procedure on January 16, 1998. (See, People v Williams, 242 AD2d 917 [4th Dept 1997], Iv denied 91 NY2d 899 [1998].) CPL 710.30 (3) precludes identification testimony, in the absence of the required notice, unless the defendant has “moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in subdivision two of section 710.70.”
The courts have uniformly held, consistent with the provisions of CPL 710.30 (3), that the notice requirement is excused when a defendant moves for suppression of identification testimony. Thus, the notice requirement was excused in the case of a defendant who made a motion to preclude identification evidence, but who, following denial, made an oral motion to suppress, in response to which the court scheduled a Wade hearing. (People v Kirkland, 89 NY2d 903 [1996].) The notice requirement was likewise excused in the case of a defendant who made a motion, in the alternative, for preclusion or suppression. (People v Merrill, 87 NY2d 948 [1996].) However, most, if not all, of these decisions pertain to situations where a Wade hearing was actually conducted by the court, which thereafter denied the motion to suppress the evidence. (See, e.g., People v Williams, supra.) The issue in the pending case is whether or not the notice requirement should be deemed excused where the court had only partially conducted a Wade hearing, which was then terminated because of counsel’s motion to withdraw the suppression motion, who then substituted a motion to preclude the same evidence.
The statutory provisions of CPL 710.30 are also applicable to the use of statements, which were allegedly made by a defendant to members of law enforcement and are intended to be used as evidence. In People v Amparo (73 NY2d 728 [1988]), the Court held that it was error to admit evidence of a statement, at trial, because of the failure to provide the requisite notice within 15 days of arraignment. The Court further noted that counsel for the defendant had moved only for preclusion of the oral statement, which would not come within the purview of the exception contained in CPL 710.30 (3). In that case, counsel had not made a motion for suppression of the oral statement, which, according to the Court, “in effect would have afforded defendant the same opportunity for a court to pass upon the admissibility of the statement as he would have had if timely notice had been given.” (Supra, at 729.)
*926 This court has determined that the defendant’s motion to preclude should be denied for several reasons. First, as stated by the Court of Appeals in People v Amparo (supra), the reason for the provisions of CPL 710.30 (3) is the fact that a motion to suppress affords a defendant the same opportunity to litigate the fairness of the identification procedure as would have existed had adequate notice been served by the People. In the pending case, the defendant was provided with that opportunity, and indeed, received the benefit of the People’s entire direct examination of Investigator Baez, including the evidence relating to the January 16, 1998 identification procedure. Under these circumstances, a defendant should not be entitled to preclusion by utilizing the procedural device of withdrawing a suppression motion, and thereby prematurely terminating the hearing.
In addition to the foregoing, it should be emphasized that knowledge of the January 16, 1998 photo array did not arise, for the first time, from the testimony of Investigator Baez at the hearing. Counsel for the defendant had been apprised of such procedure prior to the hearing, but, nevertheless, went forward with the hearing and had even commenced cross-examination of Investigator Baez. The decision of People v Redcross (246 AD2d 838 [3d Dept 1998], Iv denied 92 NY2d 859 [1998]) is somewhat instructive on this issue. In that case, notwithstanding the lack of a notice under CPL 710.30, counsel for the defendant stipulated, prior to trial, that a Wade hearing was unnecessary and that a witness could testify that clothing items, which he had described as having been worn by the perpetrator, were the same as worn by the defendant at a showup. Both parties were surprised when the witness actually identified the defendant at trial, but the Court held that the defendant had acquiesced in the procedure and should not be heard to object to the lack of a notice under CPL 710.30.
Finally, as a procedural matter, a party should also not be permitted to withdraw a motion, which results in prejudice to the other party. (People v Catten, 69 NY2d 547 [1987].) In the pending case, the People consented to the application to withdraw the suppression motion. However, prejudice would obviously attach if permission to withdraw the motion would now lead to preclusion of the identification testimony.
Based upon the foregoing, it is hereby ordered that the motion to preclude testimony regarding an observation of the defendant at the time or place of the commission of the offense, *927 or upon some other occasion relevant to the case, to be given by the witness, Marcus Robbins, who previously identified him as such, is hereby denied.