OPINION OF THE COURT
Kenneth L. Gartner, J.
*442 The motion by the instant defendant presents an issue on which there is a conflict between the trial courts: whether a criminal defendant, by simultaneously moving (1) to preclude evidence as a result of late notice under CPL 710.30, and, alternatively, (2) to suppress the same evidence on substantive grounds, in fact thereby waives preclusion, at least where the motion results in an order directing a Wade hearing.
One court, People v Heller (180 Misc 2d 160 [Crim Ct, NY County 1998, Billings, J.]), has held that both the express statutory language, and the statutory purpose of compelling early discovery and motion practice in criminal prosecutions, support a strict application of preclusion against the People in these situations, and do not permit a finding of waiver from the simultaneous motions, at least until the suppression aspects of the motion have been litigated to conclusion. That court recognizes that the Court of Appeals has made statements to the contrary, but distinguishes those statements as overbroad dicta.
Another court, People v Rodriguez (179 Misc 2d 922, 925-926 [Sup Ct, Monroe County 1999, Cornelius, J.]), has determined that since the Court of Appeals has held that the purpose of the CPL 710.30 notice requirements is to afford defendants the opportunity to make motions to suppress, once a defendant has made such a motion, even in the alternative, and obtained the opportunity for a hearing, the purpose of the notice requirements has necessarily been fulfilled, and preclusion is no longer appropriate and will thus be found to have been waived.
This conflict will likely ultimately require appellate or legislative resolution. This court, however, notwithstanding the in some respects persuasive analysis of Heller, follows the literal enunciation of the principle by the Court of Appeals, and finds that preclusion has been waived.
The defendant, in this prosecution for petit larceny and criminal possession of stolen property in the fourth degree, made an omnibus motion before the judge then presiding in Criminal Part 6 of this court. The motion sought, inter alia, preclusion, pursuant to CPL 710.30 (3), of two showup identifications of the defendant that were revealed to the defendant in the People’s voluntary disclosure, but of which no CPL 710.30 notice had ever been given; or, alternatively, suppression of those same identifications pursuant to CPL 710.20 (6), on the grounds that the identifications were unduly suggestive.
The motion resulted in a decision by the prior judge of this court. With respect to the suppression motion, that decision *443 directed a hearing, pursuant to CPL 60.30 and 60.25, and United States v Wade (388 US 218 [1967]). Insofar as the preclusion motion was concerned, the decision merely stated that “in all other respects, defendant’s motion is denied.”
The prosecution was delayed for a number of reasons, including additional motion practice by the defendant. Finally, on the eve of the Wade hearing, the defendant requested and obtained an adjournment so he could move to reargue the decision to the extent that it implicitly denied the preclusion motion.
The defendant now argues that the court was mandated by CPL 710.60 (6) to, but did not, set forth in the record its findings of fact, conclusions of law, and the reason for its determination denying the preclusion motion. The defendant further argues that since the People do not and never have disputed that they did not serve the required notice within 15 days of arraignment as specified by CPL 710.30 (2), since the People do not and never have sought or received permission to file late notice, and since the People have never and do not now make any attempt to argue that the required “good cause” exists to support any such late filing, the prior court’s failure to have made the record findings mandated by CPL 710.60 (6) demonstrates that the prior court must have simply overlooked this issue.
As the prior judge is no longer serving, and as the instant court is now assigned to this IAS Part, this motion for reargument is properly considered here. (People v Acevedo, 140 AD2d 846 [3d Dept 1988]; Dalrymple v Martin Luther King Community Health Ctr., 127 AD2d 69 [2d Dept 1987].)
The People initially contend that the defendant’s motion is untimely. However, this position is contrary to established binding authority.
A motion for reargument is untimely only if made after the time to file a notice of appeal has expired. (People v Hernandez, 255 AD2d 112 [1st Dept 1998], lv denied 93 NY2d 874 [1999].) Prevailing party service is required to commence the time for filing a notice of appeal. (People v Washington, 86 NY2d 853, 854 [1995]; accord, People v Dellavalle, 259 AD2d 773, 774 n 1 [3d Dept 1999]; People v Ashe, 187 Misc 2d 532, 534-535 [Rensselaer County Ct 2001]; People v Lynch, 195 Misc 2d 814, 815 [Crim Ct, Bronx County 2003, Clark, J.].) The People concede that they never served the decision, of which reargument is sought, upon the defendant.
*444 Considering the matter on the merits, however, on reargument, the defendant’s motion insofar as it seeks preclusion must still be denied.
In People v Merrill (87 NY2d 948, 949 [1996]), the Court of Appeals reversed the Appellate Division, and reinstated the conviction of the defendant, “for the reasons stated in the dissenting memorandum at the Appellate Division.” In that memorandum (212 AD2d 987, 988 [4th Dept 1995]), which dissented from the Appellate Division’s reversal of the defendant’s conviction on the ground that identification testimony had been improperly allowed, the dissenters, in the opinion adopted by the Court of Appeals, observed that “CPL 710.30 provides that a defendant’s identification may be offered at trial even if the defendant has not been given adequate or timely notice of the People’s intent if the defendant has ‘moved to suppress such evidence and such motion has been denied . . . . ’ ”
The defendant in Merrill had, just as the instant defendant, moved to preclude or, in the alternative, to suppress. The memorandum adopted by the Court of Appeals determined, relying by analogy on People v Amparo (73 NY2d 728, 729 [1988]), that “defendant’s motion [to suppress], although made in the alternative, afforded him [the same] opportunity [to have a court pass upon the admissibility of the identification as he would have if timely notice had been given].” (Merrill at 988.)
In Rodriguez (179 Misc 2d 922, 925 [1999], supra), the court acknowledged that while Merrill, Amparo, and other courts had phrased the Merrill waiver as occurring even where a Wade hearing had merely been scheduled, or where a suppression motion had merely been made, the key being the defendant having been afforded the “opportunity” for a hearing, in fact “most, if not all, of these decisions pertain to situations where a Wade hearing was actually conducted by the court, which thereafter denied the motion to suppress the evidence.”
Squarely faced with the issue of whether to apply the Merrill waiver in a situation where the defendant had withdrawn his suppression motion halfway through a Wade hearing, the court in Rodriguez held the Merrill waiver to nevertheless be applicable, on the ground that “a defendant should not be entitled to preclusion by utilizing the procedural device of withdrawing a suppression motion, and thereby prematurely terminating the hearing.” (179 Misc 2d at 926.)
Just one year prior to Rodriguez, however, in Heller (180 Misc 2d 160 [1998], supra), the court had reached an opposite
*445 conclusion. The court in Heller acknowledged that while “the applicable authority often uses broad language that is susceptible of misapplication and the conclusion that defendant has waived his preclusion rights,” in fact, where the suppression motion was not litigated to conclusion, the “defendant did not waive preclusion by simultaneously moving for preclusion and for suppression if preclusion was denied.” (180 Misc 2d at 170.) “Defendant’s [alternative] motion to suppress evinced nothing more than his fidelity to the statutory requirements for pretrial motion practice and his willingness, if his motion to preclude was denied, to forfeit his right to argue on appeal that that denial was erroneous.” (Id. at 171.)
Heller focused on (1) the fact that the statutory language of CPL 710.30 by its express terms limits the Merrill waiver to situations where the suppression motion “has been denied” (180 Misc 2d at 170), (2) authority to the effect that the defendant’s lack of surprise or prejudice as a result of the late notice is completely “irrelevant” (180 Misc 2d at 169), and (3) the argument that another CPL section, CPL 255.20, is structured to advance a policy favoring expedition of pretrial criminal motion proceedings, and this policy would be undermined if preclusion was allowed to be “waived.” (180 Misc 2d at 170.)
This matter bears scrutiny since there is a countervailing policy — one favoring “the fairness [and] accuracy of the truth-finding process” (People v Frigenti, 91 Misc 2d 139, 140 [Sup Ct, Kings County 1977]; People v Coleman, 114 Misc 2d 685, 689 [Sup Ct, Kings County 1982]) — which underlies the holdings in Merrill, and others, in permitting waivers of preclusion to be found.
Heller’s logic is similar to that which was enunciated by the Appellate Division in Merrill itself (212 AD2d 987 [4th Dept 1995]), in the memorandum which the Court of Appeals reversed when adopting the Merrill Appellate Division dissent (87 NY2d 948 [1996], supra). The authorities relied upon by Heller for the proposition that prejudice to the defendant is “irrelevant” all involved situations in which no motion to suppress had been made, with the exception of People v Lopez (84 NY2d 425 [1994]). In Lopez, the Court of Appeals held that an omnibus suppression motion could not act as a waiver of statements unnoticed and unknown at the time the suppression motion was made. (84 NY2d at 428.)
Lopez also held that “[t]he provisions of CPL 710.30 are clearly related to defendant’s preparation of pretrial motions, *446 not his subsequent ability to defend himself at trial” (84 NY2d at 428-429), thus indicating that it is only the lack of prejudice at trial to a defendant, who has nevertheless been deprived of the opportunity to test the evidence through pretrial suppression motion practice, which is “irrelevant.” In fact, as observed in People v Calise (167 Misc 2d 277, 279 [Crim Ct, Bronx County 1996]), there is ample support for the proposition that “good cause” may be found where the defendant not only had actual notice of the statement or identification at issue, but in addition, despite the absence of formal CPL 710.30 notice, “had some understanding that the statements or the identifications were going to be used at trial.” The making of a pretrial motion to suppress would seem to confirm such an understanding.
Rodriguez depends for its result on the fact that the purpose of CPL 710.30 is to give a defendant sufficient notice so that “a timely motion to suppress the evidence may be made.” (People v Rodney, 85 NY2d 289, 292 [1995]; see also, People v Kirkland, 89 NY2d 903 [1996]; People v Sigue, 300 AD2d 414 [2d Dept 2002], lv denied 99 NY2d 619 [2003]; People v Williams, 5 Misc 3d 1014[A], 2004 NY Slip Op 51368[U], *5 [Sup Ct, Bronx County 2004, Massaro, J.].) Thus, under the logic of Rodriguez, the making of a motion for suppression — at least where, as here, it is granted to the extent of ordering a Wade hearing, whether the hearing is pursued to conclusion or not — establishes the opportunity for pretrial scrutiny which invokes the exception.
This issue will likely remain ultimately unresolved pending appellate or legislative resolution. On the facts and the record presented in this case, however, and based upon the express language of the applicable appellate authority, this court will abide by the result reached by the prior judge of this court and on reargument adhere to that judge’s prior determination.
The defendant’s motion, insofar as it seeks preclusion, is denied. The previously granted Wade hearing is directed to proceed forthwith.