■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE FLOWERS, Appellant. [797 NYS2d 762]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 25, 2002, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY GAINES, Appellant. [797 NYS2d 761]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered May 14, 2002, convicting him of robbery in first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence, since there was probable cause for the defendant's arrest (*see People v Anderson*, 260 AD2d 387 [1999]; *People v Ross*, 244 AD2d 513 [1997]; *People v Sanders*, 239 AD2d 528 [1997]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.