OPINION OF THE COURT
Kenneth L. Gartner, J.
*668 The defendant moves to reargue the prior decision of this court, published at 8 Misc 3d 441 (Nassau Dist Ct 2005), which denied the defendant’s motion to preclude the People from offering testimony at trial regarding the identification made by the complaining witness of the defendant.
Because the prior decision was itself one in which this court sustained on reargument the earlier denial of preclusion by a prior judge of this court, this court would under normal circumstance summarily reject an attempt by defendant at a “third bite of the apple.” However, because the prior motion for reargument was made necessary by the prior judge’s omission from the original decision of a statutorily required explanation for the decision, the current motion legitimately seeks nothing more than the opportunity to have this court for the first time reconsider that explanation.
This court therefore grants reargument. On reargument, this court grants preclusion.
In the prior decision, this court relied in large measure on People v Rodriguez (179 Misc 2d 922, 925-926 [Sup Ct, Monroe County 1999, Cornelius J.]).
In Rodriguez, the court found that the defendant had waived his right to preclude evidence based upon an untimely Criminal Procedure Law § 710.30 notice where the defendant’s alternative motion to suppress had resulted in the commencement of a Wade hearing. Rodriguez reached this result although the defendant had withdrawn his suppression motion part way through the Wade hearing, and thus had not ever had his motion denied, even though the actual denial of a suppression motion is the only ground for avoiding preclusion for a late notice expressly specified in section 710.30 (3).
In Rodriguez, the court observed that a number of Court of Appeals and other appellate decisions had phrased a waiver of the defendant’s right to preclude testimony based upon an untimely CPL 710.30 notice as occurring as the result of the defendant having brought on a simultaneous, in-the-alternative motion for suppression, even where a Wade hearing had merely been scheduled but not litigated to conclusion and denied, as long as the defendant had been afforded the “opportunity” for a hearing to test the statement’s voluntariness. Rodriguez acknowledged that “most, if not all, of these decisions pertain to situations where a Wade hearing was actually conducted by the court, which thereafter denied the motion to suppress the evidence” (179 Misc 2d at 925), but nevertheless determined that *669 the broader appellate language supported a broader result in that case.
In reaching its prior determination, this court noted that both Rodriguez and the broad appellate language supported the prior judge’s decision in this case, and required an adherence to that prior judge’s determination and the denial of the defendant’s motion to preclude, since the defendant, despite the lack of a formal CPL 710.30 notice, understood that the identification would be used against him at trial, moved in the alternative to suppress, and thus had ample opportunity to test the identification pretrial. This court further noted that the defendant’s simultaneous, in-the-alternative motion to suppress was never even withdrawn, but merely adjourned and deferred pending resolution of the reargument motion, on the eve of a scheduled Wade hearing. Under Rodriguez, a waiver had occurred.
This court, in its prior decision, did note that in People v Heller (180 Misc 2d 160 [Crim Ct, NY County 1998, Billings, J.]) the court had taken cognizance of the same broad appellate language as drew the attention of Rodriguez, but, rather than construing the appellate language literally, had found the underlying circumstances identified by Rodriguez — i.e., the fact that the defendants in those cases had in fact litigated suppression motions through hearing and to decision — to constitute a crucial limiting factor, through whose prism the appellate language had to be read. Thus, held Justice Billings in Heller (180 Misc 2d at 170-171):
“Thus defendant did not waive preclusion by simultaneously moving for preclusion and for suppression if preclusion was denied . . .
“Defendant’s motion to suppress evinced nothing more than his fidelity to the statutory requirements for pretrial motion practice and his willingness, if his motion to preclude was denied, to forfeit his right to argue on appeal that that denial was erroneous” (citations omitted).
On the current reargument motion, this court has reviewed People v O’Doherty (70 NY2d 479 [1987, Wachtler, Ch. J.]) — a decision cited by Heller — as well as revisited Heller itself.
In O’Doherty, the Court of Appeals reviewed the history of section 710.30, noting in particular that the statute originally required the giving of notice by the People “within a reasonable time before the commencement of the trial” (at 485) and there *670 after was amended by the Legislature specifically to substitute the present language, requiring the giving of notice “within fifteen days after arraignment” (at 487). As held by Chief Judge Wachtler in O’Doherty (70 NY2d at 486-488):
“The People argue . . . that the delay should be excused because it resulted in no harm to the defendant . . . [Njotice was given far in advance of trial. Thus, they contend, the purpose of the statute, which they identify as ‘giv[ing] a defendant adequate time to prepare his case for questioning the voluntariness of a confession or an admission’ has not been frustrated because the defendant was not prejudiced by the delay. This position finds support in a number of decisions . . . These decisions evince an understandable reluctance to deprive the People of useful evidence for failure to comply with a stringent statutory requirement, especially where defendant is not harmed by the omission. Although we fully understand the sentiment, we believe that these decisions conflict with the plain language of the statute, which reflects a legislative policy determination with which the courts may not interfere
“That the People have only 15 days after arraignment to comply does not change the plain meaning of the statutory language. . . Thus, acceptance of the argument advanced by the People would require that permission to serve late notices be granted routinely. Such an approach would effectively abrogate the 15-day requirement and invite a return to the practice of giving notice at a much later date, even on the eve of trial. Such a result was not the Legislature’s intention.” (Citations omitted.)
O'Doherty was subsequently summarized by Preiser, Practice Commentaries (McKinney’s Cons Laws of NY, Book 11 A, CPL 710.30, at 219 [1995]), as having identified a purpose of the statute as being “to promote the orderly, swift, and efficient determination of pretrial motions in one set of papers — i.e., the omnibus motion — before one judge within 45 days after arraignment” (citing O’Doherty [citation omitted]). Thus, says Preiser, this section reflects “not only considerations of fairness to the defendant, but also concerns for the efficient conduct of criminal proceedings” (id., quoting O’Doherty; accord People v Phillips, 183 AD2d 856 [2d Dept 1992], lv denied 80 NY2d 908 [1992] [notice informing defendant that prosecutor intended to offer a *671 videotaped statement was insufficient to inform the defendant that the prosecutor also intended to offer a memo book entry made by the arresting officer about the defendant’s oral statement, even though the memo book entry had been annexed to the form]; cf., People v Black, 177 AD2d 1040 [4th Dept 1991], lv denied 79 NY2d 825 [1991] [preclusion appropriately denied where voluntary disclosure packet contained the challenged statement, so that the defendant was able to prepare his case and challenge the statement’s voluntariness]).
In the instant case, the People concede that no section 710.30 notice of the identification of the defendant was ever given. The People make no request for permission to serve a late notice. The People concede that they can offer no “good cause” to support such a request. While O’Doherty dealt with the issue of “good cause” to permit a late notice by the People, rather than the issue of “waiver” of the defendant’s right to object to a late notice, the issues in fact mirror one another. To find a “waiver” in these circumstances would be to by judicial fiat accomplish through the back door exactly what the Court of Appeals, as per Chief Judge Wachtler in O’Doherty, has specifically held that the Legislature has prohibited.
The wisdom of this stringent legislative enactment is not a question which this court is empowered to review. This court, based on O’Doherty and Heller, is compelled to grant reargument, and upon reargument to grant preclusion.